# Wilkinson *v.* Stuart.

### Bill in Equity for Partition of Lands.

1. *Partition of lands; jurisdiction of equity, as affected by statutory provisions.*—The original jurisdiction of a court of equity to decree partition of lands between co-parceners, joint tenants, and tenants in common, is not taken away by the statutory jurisdiction conferred on the probate judge (Code, §§ 3497–3513); but, if the judge of probate first acquires jurisdiction, by the filing of a proper petition, a court of equity will not interfere with its exercise, unless facts or circumstances of special equitable cognizance are shown, which render inadequate the statutory jurisdiction.

2. *Sale of lands for division; jurisdiction of equity, and of probate judge.*—When lands are held by joint tenants, or tenants in common, who are adults, a court of equity has no jurisdiction to decree a sale in order to effect an equitable division, except by consent; but statutory jurisdiction for this purpose has been conferred on the judge of probate (Code, §§ 3514–20), and it is exclusive as to adult parties; yet, when a petition has been filed before him, asking a sale on that ground, a court of equity may interfere, at the instance of the defendants, and decree an equitable partition without a sale.

3. *Erection of valuable improvements by tenant in common.*—If one tenant in common of lands erects valuable improvements thereon, with the express authority, or knowledge and implied consent of his co-tenant, a court of equity will, in decreeing partition, give him the benefit of his improvements, by assigning to him that part of the lands on which they are situated; and the claim for such improvements gives a court of equity jurisdiction to enjoin, at his instance, proceedings before the probate judge asking a sale for division.

4. *Rents and profits, for use and occupation, as between tenants in common.*—If one tenant in common use and occupy a portion of the lands, his entry and possession not being hostile to his co-tenant, he is not liable to account for rents and profits; and hence, when asking an equitable partition, and an allowance for the value of improvements erected by him, it is not necessary that he should offer in his bill to pay for his use and occupation.

5. *Partition of lands held in remainder, or of part only.*—In the absence of statutory provisions, partition can not be awarded, either at

[Wilkinson v. Stuart.]

law or in equity, of an estate held in remainder or reversion; nor, as a general rule, will partition be awarded of part only of an entire estate, which would be splitting an entire cause of action; yet, where the lands consist of several distinct tracts, held under the same conveyance, an outstanding life-estate in one tract is no obstacle to a partition of the others.

6. *Appointment of commissioners to make partition.*—In making partition in equity, the usual practice is to issue a commission to disinterested freeholders, giving them proper instructions; and if the parties do not agree upon and nominate persons for appointment, a reference to the register is ordered to ascertain and report the names of suitable persons; but an irregularity in the appointment of commissioners, to which no objection is made before the chancellor, is waived.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 4th December, 1882, by Lewis C. Stuart, against W. W. Wilkinson, praying an equitable division of certain lands, particularly described in the bill, and an injunction of further proceedings in the Probate Court, under a petition filed by said Wilkinson, to have the lands solds, on the ground that they could not be equitably divided without a sale. The lands were bought by the parties at a sale made by the administrator of the estate of W. J. Peavey, deceased, and were conveyed to them by deed dated February 1st, 1873, in which the lands were thus described: " The south-east quarter, and the east half of the south west quarter, and the south-west quarter of the south-west quarter, and the south-west quarter of the north-east quarter, all in section 27, township 8, range 15; also, the north half of section 34; and the east half of the north-west quarter, and west half of the north-east quarter, section 27, township 7, range 14; also, *the reversionary interest of the widow* in the north-west quarter of the north-east quarter of section 5, township. 7, range 13; and the north half of the south-east quarter, and north-east quarter of south-west quarter, and north-east quarter of section 28; and west half of south-east quarter, and east half of south-west quarter, section 21, township 7, range 14."

The bill alleged that the lands consisted of "four separate tracts, no two of which are adjacent to each other," namely: 1st, portions of section 27, township 8, range 15, "containing 320 acres of forest land, wholly unimproved;" 2d, the half of section 34, township 7, range 14, "containing 320 acres of forest land, wholly unimproved;" 3d, parts of section 27, township 7, range 14, "containing 160 acres, about 33 of which are improved as hereinafter shown ; and, 4th, part of section 5, township 7, range 13, "containing 40 acres, wholly unimproved." The bill alleged, also, that soon after the purchase of the lands, by mutual agreement between the parties, the complainant entered and took possession of the tract containing

160 acres, cleared about 30 acres, erected valuable improvements to the amount of more than $500, and occupied it as a homestead up to the filing of his bill; that the defendant was, by the terms of the agreement, to take possession of another part of the land, clear, cultivate, and improve it, but had failed to do so; that the lands can be equitably divided, so as to give the complainant the benefit of the improvements which he has erected, and he has frequently requested the defendant to consent to such partition; that the defendant refused his assent to such partition, and filed his petition in the Probate Court, asking a sale of the lands, and an equal division of the proceeds of sale, on the ground that the lands could not be fairly and equitably divided without a sale.

The defendant answered the bill, admitting the purchase of the lands at administrator's sale, as alleged; denying that the administrator's deed, a copy of which was made an exhibit to the answer, conveyed a fee-simple title to all the lands, and alleging that there was an outstanding life-estate in a portion of the lands, which had been assigned as dower to the widow of said W. J. Peavey; but the description of this particular tract, as the answer is copied in the record, is unintelligible, and is at variance with the description given in the assignment of dower itself as copied in the record. He denied that there was ever any agreement between himself and the complainant as to the use and occupation of portions of the land, or the erection of improvements; alleged that the use and occupation by the complainant was worth more than the value of the improvements which he had erected; alleged, also, that he had paid out about $200 assessed as taxes on the land, one half of which ought to have been paid by the complainant; and denied that the lands could be fairly and equitably divided without a sale. He demurred to the bill for want of equity, because the complainant did not offer to do equity by accounting for the use and occupation of the lands which he had cultivated; and because it showed that the jurisdiction of the Probate Court had attached, under the petition filed by the defendant, and did not allege any special facts which would show that its jurisdiction was inadequate; and because the complainant had an adequate and complete remedy at law.

On final hearing, on pleadings and proof, the chancellor held the complainant entitled to relief, on the authority of *Sanders v. Robertson,* 57 Ala. 472, and rendered a decree for a partition of the lands described in the bill, "exclusive of the said widow's dower;" directing the register, within thirty days after the adjournment of the court, to appoint five discreet free-holders as commissioners, whose duty it should be, after being duly sworn, "to enter upon and examine said lands, and divide them into

[Wilkinson v. Stuart.]

two lots, or portions, equal in value as near as possible, having regard to the quality of the land, the fertility of the soil, the convenience and advantages of location, and any other circumstances which may render the same more or less valuable; but, in estimating the value of said lands, all consideration of the value of the improvements made by the complainant shall be excluded, and the value shall be estimated as if no improvements had been made, the improvements being held to be the property of the complainant; and having thus divided the lands into two equal portions, the portion upon which the complainant's improvements are situated shall be set apart and assigned to him, and the other portion to the defendant;" and the commissioners were ordered to report to the next term of the court, or to the chancellor in vacation.

The appeal is sued out by the defendant, who here assigns as error—1st, the failure to decide on the demurrer; 2d, rendering a decree on the merits, which, in effect, overrules the demurrer; 3d, the failure to require the complainant to account for the use and occupation of the lands which he had held and cultivated; 4th, the failure to require him to re-pay one half of the taxes paid by the defendant; 5th, allowing him all his improvements; and, 6th, "in respect to the instructions as to the manner of partition."

J. C. RICHARDSON, and JNO. GAMBLE, for the appellant.—(1.) Courts of law and equity have concurrent jurisdiction of proceedings for the partition of lands.—*Hartshorne v. Hartshorne,* 2 N. J. Eq. 349; *Wright v. Marsh,* 2 Greene, Iowa, 94; *Donnell v. Mateer,* 7 Ired. Eq. 94; *Howey v. Goings,* 13 Ill. 95; *Castleman v. Veitch,* 3 Rand. 598; *Beeler v. Bullitt,* 13 Amer. Dec. 161; *Hopper v. Fisher,* 2 Head, 253; *Kennedy v. Kennedy,* 43 Penn. St. 413; 33 Vermont, 200; 42 Penn. St. 401. (2.) In cases of concurrent jurisdiction, if the court of law first acquires jurisdiction, a court of equity will not interfere and restrain it, unless special equitable circumstances are shown.—*Smith v. McIver,* 9 Wheaton, 530; *Hines v. Rawson,* 40 Geo. 356; *Nelson v. Dunn,* 15 Ala. 514; *Hause v. Hause,* 57 Ala. 263; 1 Brick. Dig. 630, § 7. (3.) The jurisdiction of the Probate Court, under the petition filed by Wilkinson, can not be doubted (Code, §§ 3497–3513; *Woodruff v. Stewart,* 60 Ala. 206); and that jurisdiction was acquired before this bill was filed. The alleged agreement, under which the complainant claims to have erected his improvements, is denied by the answer, and is not proved; and this agreement, which would have authorized the claim for improvements, is the only matter which gives equity to the bill. (4.) The complainant was chargeable with the value of the use and occupation of the

land.—*Horton v. Sledge*, 29 Ala. 498 ; *Hitchcock v. Skinner*, 1 Hoffm. Ch. 21 ; *Ormond v. Martin*, 37 Ala. 508 ; *Turner v. Morgan*, 8 Vesey, 165 ; *Backler v. Farrow*, 2 Hill's Ch. 111 ; *Carter v. Carter*, 5 Munf. 108 ; *Dyckman v. Valiente*, 42 N. Y. 549 ; *McClellan v. Osborne*, 51 Maine, 118 ; 2 Lead. Cas. Eq. 642. In no event, can he be allowed compensation for his improvements, beyond the rents charged against him (29 Ala. 498 ; 37 Ala. 606); and the proof shows that the rents equaled, if they did not exceed, the value of the improvements. How, then, can the claim for improvements be a matter of special equity ? (5.) If the court had power to decree partition at all, it should have been of all the lands, including the reversionary tract, since equity does not do things by halves.—*Oiley v. McAlpine*, 2 Gratt. 340 ; 2 Lead. Cas. Eq. 647. But partition will not be decreed of an estate in remainder (2 Lead. Cas. Eq. 985); and consequently, partition of the other lands ought not to have been decreed. (6.) The complainant should have been required to re-pay one half of the taxes paid by the defendant, and a lien on the land should have been declared for the amount. (7.) The court erred in directing the register to appoint commissioners to make partition.—2 Dan. Ch. Pr. 1152.

BUELL & LANE, *contra*.—(1.) The complainant had an equitable right to have that part of the land which he had improved set apart to him as part of his share.—1 Washb. Real Prop. 678 ; *Sanders v. Robertson*, 57 Ala. 465 ; *Reed v. Reed*, 68 Maine, 568 ; *Collett v. Henderson*, 80 N. C. 337 ; 1 Story's Equity, § 656 *b*. This could not be done in the Probate Court. Under the petition as filed, the lands would have been sold, and the proceeds divided equally between the parties ; and if the petition could have been amended, so as to authorize a partition by metes and bounds, the division must have been into parts of equal value, and the complainant would have lost one half of the value of his improvements. The powers of the Probate Court, therefore, were inadequate to grant relief, and the jurisdiction of equity was properly invoked. (2.) Partition could not be made of the reversionary interest in the dower lands, during the life of the widow.—1 Washb. Real Prop. 678–9, 681–2, and authorities there cited ; 5 Wait's Actions and Defenses, 86, 90–92, 100. The other lands, consisting of four separate and distinct tracts, might be partitioned, without any reference to the dower lands. (3.) The complainant's entry and cultivation of a portion of the lands, if not done under the express assent of the defendant, was not in opposition or hostility to his rights, and was not objected to by him. Under these circumstances, there was no liability for use and occupa-

[Wilkinson v. Stuart.]

tion, or for rents and profits.—*Newbold v. Smart*, 67 Ala. 326. (4.) There is no statute, or rule of practice, as to the manner in which commissioners shall be appointed in such cases as this. By analogy to the practice in the appointment of receivers, the proper course was pursued by the chancellor. The commissioners, no matter how appointed, are the mere agents of the court, and their action is subject to its revision, on objection properly taken.

BRICKELL, C. J.—The partition of lands between joint tenants, tenants in common, and co-parceners, is an established head of equity jurisdiction; and though there may be doubt as to its origin, it is now generally rested on the inadequacy of remedies at law, and the capacity of the court to grant more complete relief, adjusting the equities of the parties, and meeting exigencies or necessities which may be peculiar to the particular case.—1 Story's Eq. §§ 646–50; 2 Lead. Eq. Cases, 894; *Deloney v. Walker*, 9 Port. 497. If the title of the plaintiff is clear, or if it is admitted, the partition is matter of right, not matter of discretion in the court. By statute, it is very common to confer a like jurisdiction upon other tribunals, of superior or inferior jurisdiction. Such statutes, if thereby the equitable jurisdiction is not negatived, are construed simply as affording a cumulative remedy, not as restraining or excluding the equitable jurisdiction.—Freeman on Co-tenancy, § 428. The Code confers on the judge of the Court of Probate a large jurisdiction to order the partition of property, real or personal, held jointly or in common, but declares, in express terms, that a resort to other legal remedies for the partition of lands is not excluded.—Code of 1876, §§ 3497–3513. But it is not to be doubted, that so far as the jurisdiction of the judge of probate is concurrent with that of a court of equity, if he first acquires jurisdiction, it becomes exclusive, and he must continue in its exercise, unrestrained by the interference of the court of equity, unless facts or circumstances of special equitable cognizance are shown to exist, which render inadequate the statutory jurisdiction.— *Waring v. Lewis*, 53 Ala. 615; *Moore v. Leseuer*, 33 Ala. 237; *King v. Smith*, 15 Ala. 270.

2. When the present bill was filed, there was an application pending before the judge of probate, not for a partition of the common estate, but for its sale for distribution, upon the jurisdictional allegation, that an equitable partition could not be made. In addition to the jurisdiction to decree partition, the Code confers on the judge of probate jurisdiction to order a sale of the common estate, upon allegation and proof of the fact that otherwise than by sale an equitable partition or division can not be made.—Code 1876, §§ 3514–20. This juris-

[Wilkinson v. Stuart.]

diction is distinguishable from that which the judge exercises in ordering a partition of the property *in specie*, and, as to the adult tenants, it is exclusive. For, in this State, it is the settled course of decision, that a court of equity can not decree the sale of lands held by adult tenants, without their consent, to effect partition, because the same can not be equitably divided. *Oliver v. Jernigan*, 46 Ala. 41; *Deloney v. Walker, supra.* What would be the effect of the pendency of this petition, if it was not shown that the common estate is capable of an equitable partition, and that there are facts and circumstances, of which the judge of probate can not take cognizance, rendering it the duty of the court decreeing partition to order the assignment to the complainant of a particular part of the common estate, it is not necessary to consider. These facts and circumstances justify the intervention of a court of equity that complete justice may be done.

3. The complainant had entered upon a part of the common estate, reduced it from a wild or waste condition to cultivation, and made valuable improvements thereon. His labor and money were expended with the knowledge, and the implied consent, if not the express authorization, of his companion, who had not improved any part of the estate, leaving it, so far as he was concerned, in the condition it was when acquired. Although a tenant making improvements upon the common estate, without the authority of his companion, may not have a remedy to recover their value; yet, upon partition under the decree of a court of equity, the court will so order the division that he may have the benefit of the improvements, by an assignment to him of that portion of the estate on which they are situate. 1 Wash. Real Prop. 582; Freeman on Co-tenancy, § 508; Story's Eq. § 656 *b; Brookfield v. Williams*, 1 Green's Ch. 341; *Pope v. Whitehead*, 68 N. C. 199. In the exercise of the statutory jurisdiction with which he is clothed, the judge of probate could not take cognizance of this equity of the complainant, adjusting the partition so as to meet and satisfy it. A partition by lot is all that he could decree, and he was without power to give the commissioners, appointed to designate and draw the lots, special instructions which may be necessary to adjust the equitable rights of the parties.— *Ward v. Corbitt*, 72 Ala. 438.

4. The bill is not objectionable, because the complainant does not offer to pay for the use and occupation of the part of the lands he had cultivated. His entry and possession was not in hostility or exclusion of his companion, who had an equal right, if he had chosen to exercise it, to enter and occupy. The rule is well settled, that a friendly occupancy of the common estate by one tenant does not render him liable to account for rents

[Wilkinson v. Stuart.]

and profits.—*Newbold v. Smart*, 67 Ala. 326; *Terrell v. Cunningham*, 70 Ala. 100; *Lockard v. Lockard*, 16 Ala. 433.

5. The parties derive title to the lands held in common, under a conveyance to them jointly. The lands consist of several distinct tracts or parcels, wholly disconnected, separated by varying distances, and do not seem ever to have been occupied as constituting an entire plantation, and are incapable of such occupancy. There is a part of them, in which the parties have only an estate in reversion, and a right to possession will not accrue until the falling in of a life-estate of the widow of a former proprietor, from whom the title is deduced. In the absence of statutory provisions authorizing it, the rule is established, that neither at law, nor in equity, can partition be awarded of an estate in reversion or remainder. 1 Wash. Real Prop. 584; Freeman on Co-tenancy, §§ 440–41; 2 Lead. Cases Eq. 985. It is insisted that, as the court can not decree partition of this part of the lands held in common, there should not be a partition of the other parts, of which there is present title and possession. The general rule, which is invoked, that partition must be made of the entire estate—that it can not be claimed of a part—can not be questioned.—1 Wash. Real Prop. 582; Freeman on Co-tenancy, § 508. The rule is justly applicable, when the common estate consists of a single tenement, or of an entire tract or parcel of land. A partition by parcels might then result, instead of giving either tenant his share in one connected parcel (which is always done when practicable), in compelling him to take in disconnected, disjointed fragments, impairing the value of the whole and all the parts of the common estate. And in any case, when there is, as to the entire estate, a right to immediate partition, the result of entertaining a suit for partition of a part, would be the splitting up of a cause of action, in its nature entire and indivisible. The rule does not seem to us capable of a just application to a case of this character. Title is derived from a single conveyance; and yet the title to the lands of which there is immediate possession is essentially distinct and different from the title to the reversion; as clearly distinguishable as is the title of the tenant of a particular estate, and the title of the remainder-man; and for all legal purposes, and in legal effect, the parties stand in the relation they would occupy, if the several titles had been derived by several instruments, to distinct, different tracts or parcels of land. In such case, the rule invoked could not be applied, and it is not now capable of application, constraining unwilling tenants into the continuance of a relation' they are anxious to dissolve, and which may be dissolved as to all the lands they hold by present title, attended with a right of present possession.

[Belmont Coal and Railroad Co. v. Smith.]

6. The usual practice pursued by the court of equity, in making partition, is the issue of a commission to disinterested freeholders, giving them instructions as to the course which they will pursue in assigning the several parts of the lands to be divided. If the parties do not agree upon, and nominate commissioners for the appointment of the court, a reference to the register is ordered to ascertain and report the names of suitable persons to be appointed, and his report is open to the exception of either party. The delegation of authority to the register to appoint the commissioners was irregular, and, if it had been objected to, would have been corrected by the chancellor. It does not appear that the objection was made, and the irregularity was thereby waived. If it should happen that the register appoint others than impartial, discreet commissioners, their report would be open to exception, and all injury apprehended from the irregularity could be obviated.

Let the decree of the chancellor be affirmed.