# Lyon *v.* Powell.

78 351
109 440

78 351
115 646

78 351
e133 579

*Bill in Equity to have Conveyance declared and foreclosed as Mortgage, and for Partition or Sale of Lands.*

1. *Absolute conveyance declared and foreclosed as mortgage.*—A conveyance, absolute on its face, will be treated in equity as a mortgage, on averment and proof that it was intended and understood by both parties to be merely a security for a debt, whether pre-existing or con-

[Lyon v. Powell.]

temporaneously contracted; and the agreement to that effect being established, whether resting in parol, or expressed in a separate writing, the grantee may have the conveyance declared and foreclosed as a mortgage in equity, and the land sold for the payment of the debt it was intended to secure.

2.　*Same; parties to bill.*—The proper parties to such a bill, as to a bill to foreclose an ordinary mortgage, are, generally, only the grantor and grantee, and their privies who have acquired interests subsequent to the execution of the conveyance; but a subsequent purchaser at a sale for unpaid taxes may be brought in as a defendant, in order that the validity of his purchase may be determined, his deed removed as a cloud on the title, and as an obstruction to the complete enforcement of the lien created by the mortgage or other conveyance.

3.　*Partition, and sale of lands, between tenants in common.*—A court of equity has original jurisdiction to decree partition of lands between tenants in common; but, in the absence of legislation, it has no jurisdiction to decree a sale of lands for partition, without the consent of an adult party in interest.

4.　*Same.*—When a court of equity has assumed jurisdiction of an estate, and it becomes necessary to sell lands for distribution, the court will decree a sale, although some of the heirs are adults, if, under the same circumstances, a sale would be decreed by the Probate Court; and on the same principle, *it seems*, when the court has acquired jurisdiction to enforce a lien on the undivided interest of one tenant in common, and a sale of the entire land is necessary to a final adjustment of all existing rights and equities, and will injure no one, a sale may be decreed; but the question, not being now presented, is not decided.

5.　*Foreclosure of mortgage, and partition.*—A mortgagee of an undivided interest in lands may not, possibly, be entitled to institute proceedings for a partition before foreclosure; but he may file a bill for foreclosure, and have partition decreed in the same suit.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 13th September, 1880, by George G. Lyon, as the administrator of the estate of James McDermott, deceased, against Columbus Powell, the Georgia Banking and Trust Company, a foreign corporation, and several other persons; and sought, 1st, to have a certain conveyance of lands, which said Powell had executed to complainant's intestate, declared a mortgage, and foreclosed as such; 2d, to have a partition of the lands, by the decree of the court, between the complainant and the several defendants who were tenants in common with Powell of undivided interests in the lands; 3d, to have the lands sold for partition, if it should be found that they could not be fairly and equitably divided without a sale; 4th, to set aside a sale of the lands for unpaid taxes, at which said corporation became the purchaser; 5th, for an account of the rents received by the corporation while in possession, an account of the mortgage debt, and general relief.

The conveyance from Powell and wife to McDermott, a copy of which was made an exhibit to the bill, was dated February 6th, 1868, and was absolute in form; reciting the payment of

$2,500 as its consideration, and conveying to the grantee "an undivided half part" of the lands therein described. The bill alleged that this conveyance, though absolute in form, was intended only as security for a debt due to said McDermott by Powell, Greene & Co., a commercial partnership doing business in New York, of which firm said Columbus Powell was a member; that this debt was created by a deposit of money and Tennessee State bonds in 1867, on which a partial payment of $5,000 was afterwards made, and as collateral security for the residue said Powell, Greene & Co. executed to McDermott their four promissory notes, and deposited other *choses* in action, and said Powell executed and delivered said conveyance; all of which facts were shown by a written instrument signed by said McDermott, a copy of which was made an exhibit to the bill, and which was in these words: " *Whereas* I, James McDermott, did, on the 19th October, 1867, deposit with C. Powell, Greene & Co., in their safe for safe-keeping, subject to my order and control, twenty-five Tennessee State bonds," describing them; " and *whereas* I did also deposit with them, on the 16th November, 1867, the sum of $1,000, payable on demand, with interest; and *whereas* the said C. Powell, Greene & Co. are now unable to return to me the said bonds and said sum of money, with interest: this is to certify, that I have this day received from them, 1st, the sum of $5,000 on account of said indebtedness, and as security for the balance the following collaterals: their four notes " . . . ; " *a deed of certain property in Marengo county*, Alabama; a policy of insurance, . . In case the above notes are all paid at maturity, the said property is to be re-conveyed by me to said Powell, but at his expense; said policies of insurance are to be returned, and receipts interchanged. If, however, the above notes, or any of them, should not be paid at maturity, I am to have the right, at my option, to return said notes, or those unpaid, and said policies, and proceed against them on the original cause of action, as if said papers had not been given; and to sell said real estate, and apply the proceeds thereof, less expenses, on account of said indebtedness."

The interest of said Powell in said tract of land, according to the allegations of the bill, was acquired by purchase, jointly with W. C. Ingles, from one J. E. Prestridge, who conveyed to them jointly by deed dated August 26th, 1863. Said Ingles afterwards sold and conveyed his interest in the land to B. G. Kelly, who sold and conveyed to James M. Willis and W. B. Dobbins; and said Dobbins having died intestate, his heirs at law were made defendants to the bill. In May, 1869, Willis executed a mortgage conveying his interest in the land to the said Georgia Loan and Trust Company; and in July, 1874, he

[Lyon v. Powell.]

conveyed his interest by absolute deed to John B. Daniel and B. L. Dunn, both of whom were made defendants to the bill. The lands were afterwards sold for unpaid taxes, and the nominal purchaser at the sale conveyed to the said Georgia Loan and Trust Company; and the bill alleged that said corporation took possession of said land, and claimed to be the absolute owner of the entire estate and interest therein. The bill alleged, also, " that said lands can not be fairly and equitably divided between the said joint tenants, or tenants in common, except by a sale thereof for that purpose."

An answer to the bill was filed by the Georgia Banking and Trust Company, in which was incorporated a demurrer; and they assigned specifically the following (with other) causes of demurrer: 2d, "there is a misjoinder of defendants, because this defendant is not a necessary or proper party to said bill;" 3d, "said bill is multifarious, in seeking a foreclosure of said mortgage, and a sale of said lands for division;" 4th, "said bill is without equity, in so far as it seeks to have said lands sold for partition, because it shows that some of the parties in interest are adults, and this court can not decree a sale for partition without their consent;" 6th, "said bill shows that the complainant's testator was the mortgagee of an undivided interest in said lands, and the mortgage has not been foreclosed, wherefore complainant is not entitled to a partition of said lands, nor to a sale thereof for partition;" 7th, "said bill shows that complainant is not, nor was his intestate, a joint owner or tenant in common of said lands." The chancellor overruled the demurrer on the second ground assigned; but sustained it as to the other grounds stated. The complainant appeals from this decree, and assigns as error the sustaining of the demurrer on the 3d, 4th, 6th, and 7th grounds assigned; and there is, by consent, a cross-assignment of error by the Georgia Banking and Trust Company, on account of the overruling of the demurrer on the second ground.

GEO. G. LYON, for appellant.

TAYLOE & WOOLF, and R. H. CLARKE, contra.

CLOPTON, J.—A conveyance, though absolute on its face, will be considered and treated, in equity, as a mortgage, when it is intended and understood by both parties to be a security for a debt, either contemporaneously contracted or pre-existing, the debt continuing in force. The agreement may be in parol, or expressed in a separate writing. In whatever form it may exist, when such appears to be the celar intention, all the incidents of a mortgage attach to the deed, and the rights and lia-

bilities of the parties are determined by the rules applicable to formal mortgages. The grantor possesses an equity of redemption, which he may enforce by proper proceedings; and the grantee is entitled to all the remedies of a mortgagee. He may bring suit on the debt; maintain an action of ejectment, and possess himself of the rents and profits; or bring his bill to foreclose the equity of redemption, and to sell the property for the satisfaction of the debt.

The bill avers that the deed, made by Powell and wife to the testator of complainant, was understood and intended to operate as a security for a debt due the testator; and his receipt, a copy of which is made by exhibit a part of the bill, makes evident the intention of the parties. The averments of the bill show an original and special ground of equity jurisdiction—a clear right of complainant, as administrator, to come into equity for the purpose of foreclosure, and to sell the land conveyed for the payment of the debt.

The rule, as to parties, that prevails in a suit for the foreclosure of an ordinary and regular mortgage, is the same in the present case. The mortgagee and mortgagor, and privies who have acquired interests subsequently to the execution of the mortgage, are, generally, the only proper and necessary parties. There being no privity between the mortgagee and a stranger having an adverse title anterior to the mortgage, the mortgagee can not make him a party to the foreclosure proceeding, for the purpose of litigating his right. The court will not usurp jurisdiction to try the validity of a legal title, which is independent of the mortgage, and accrued prior to its execution. The rule, however, applies only when the adverse right or title is acquired from the parties to the mortgage, or from one of them, prior to its date, or from a stranger, whether prior or subsequently. Any person asserting a claim that affects the *equity of redemption*, is not only a proper, but a necessary party, if it is desired to conclude his claim.

The Georgia Banking and Trust Company, the only demurrant, claims the land conveyed by the deed, under a tax-title, having its origin in a sale of the land for taxes made in 1876. This claim of the company accrued subsequently to the creation of the lien of complainant's testator, and is not derived from a stranger. It is the claim of an interest in, and affects the equity of redemption. The court having assumed jurisdiction for the purpose of enforcing the mortgage lien, can try the validity of the tax-title, and remove it as a cloud on the title, and an obstruction to the complete enforcement of the lien. In *Randle v. Boyd*, 73 Ala. 282, where a vendor filed a bill to enforce a vendor's lien, and purchasers at a tax-sale, subsequent to the origin of the vendor's lien, who were made par-

[Lyon v. Powell.]

ties, demurred for multifariousness and misjoinder, it was held they were proper parties. Without considering the rights and liability of the company, and its relation to other parties having an interest, in consequence of having become the purchaser of the entire land for taxes, being at the same time a mortgagee of an undivided interest, we hold that, on the averments of the bill, the company is a proper party.

Partition of lands between tenants in common and coparceners is an acknowledged head of equity jurisdiction, and is generally said to have its origin in the inadequacy of a proceeding at law, on account of the nature or complication of the title, and the adaptation of the flexible procedure of a court of equity to the exigencies of the particular case, and its ability to compensate in money, or otherwise, for any inequalities that may occur. In the absence of legislation, it was also an established rule, that courts of equity have no original jurisdiction to decree a sale of the lands of an adult for partition, without his consent. This rule has been incorporated and repeatedly affirmed in our system of equity jurisprudence.— *Wilkinson v. Stuart*, 74 Ala. 198; *Bragg v. Beers*, 71 Ala. 151; *Deloney v. Walker*, 9 Por. 497. Appreciating the injustice and difficulties, which are frequently serious, and sometimes insurmountable, in making strict partition, several of the States have, by legislation, extended to courts of equity the power of sale; and by the Partition Act of 1868, the jurisdiction has been increased in England to direct sales. In this State, the authority to order a sale is vested by statute in the court of probate, which, on account of the nature of its proceedings and its limited powers, is incapable of adjusting difficulties and complications that may arise. A court of probate can not take cognizance of the equity of any of the parties because of improvements made, or rents received, by one of the tenants in common.— *Wilkinson v. Stuart, supra.* Whilst it is difficult to assign any sufficient reason, why courts of equity, following the analogies of the law, should not also direct a sale, when partition can not otherwise be fairly and equitably made, and all the equities adjusted and satisfied, a conservative regard for settled rules suggests that the jurisdiction should be conferred by statute, rather than judicially assumed.

It is also well settled, that jurisdiction having once attached, a court of equity will proceed and adjust all the rights of the parties, and adjudicate all questions of litigation involved, so as to make the jurisdiction effectual for the granting of complete relief, and not subject the parties to a double suit at law. When the court assumes jurisdiction of the administration of an estate, and a sale of the lands becomes necessary for distribution, it will decree a sale, though some of the heirs are

VOL. LXXVIII.

[Lyon v. Powell.]

adults, if the court of probate would have jurisdiction to order a sale under the same circumstances. In such case, the court will do whatever is necessary and proper to effect the complete administration and distribution of the estate.— *Wilson v. Crook*, 17 Ala. 59; *Stewart v. Stewart*, 31 Ala. 207. It seems that, on like principle, when the court has rightfully acquired jurisdiction for the enforcement of a lien on an undivided interest in land of one of several tenants in common, and a sale of the entire land is necessary to a final adjustment of all existing rights and equities—to complete relief—and will operate no detriment to any of the parties, it may exercise the jurisdiction to decree such sale. But, as this case is before us on an appeal from a decree on a demurrer to the bill, and as the necessity for a sale may not be raised on the final hearing on the merits, we shall refrain from expressing any definite and positive opinion, until a decision of the question becomes necessary.

If, when jurisdiction has attached for the foreclosure of a mortgage on the undivided interest of a tenant in common, the court may, under proper or compulsory circumstances, make partition in the same suit, the demurrer was improperly sustained.

In 1 Jones on Mortgages, § 705, it is laid down, that a mortgagee of an undivided half of a lot of land, upon a completed foreclosure, may have partition of the land against the owner of the other half; but, until foreclosure is complete, he can not maintain a petition for partition. In support of the rule as stated, the author cites decisions of the Supreme Court of Massachusetts, resting, as it appears, on the construction, that by the statute of that State, a mortgage to two or more persons creates a joint tenancy; and on the theory, that until foreclosure, a mortgage is a pledge, or hypothecation for the payment of a debt, or the performance of some obligation, and rather a right to acquire an estate in the land, than an actual estate. We have repeatedly held, that a mortgage creates an immediate estate in the mortgagee, with a condition, by strict performance of which it may be defeated, and that he is entitled to present possession, in the absence of a reservation to the contrary, express or by clear implication; and joint-tenancy and its consequences have been abolished by statute.—*Dunn v. Bank of Mobile*, 2 Ala. 152. In *Watkins v. Williams*, 3 Mac. & G. 622, the Lord Chancellor said: "A partition appears to me not to be properly incident to a foreclosure or redemption suit, in such a way that the owners of the equity of redemption can be allowed to insist on it against the will of the mortgagee, who has no interest in the question. In the present case, with the consent of the mortgagee, the parties interested in the equity of redemption may

have a partition; but I can not regard the omission of a direction for a partition as constituting ground for an appeal." A mortgagee may also have partition, the mortgagor not objecting.—*Green v. Arnold*, 11 R. I. 364. In such case, a court of equity may make partition, the mortgagor and mortgagee both being parties to the proceeding, and representing the estate created in the mortgagee and the equity of redemption, as one of the tenants in common; but a partition, where one of them only is a party, would not conclude the interests of the other.

We have said, that where a court of equity has taken jurisdiction of a case under any established head of equitable cognizance, it will settle the litigation, and do complete justice. The parties will not be remitted to a court of law, although, as to some of the matters involved, the remedy at law is clear and adequate.—*Stow v. Bozeman*, 29 Ala. 397. If it be conceded that a mortgagee can not, before foreclosure, institute proceedings for the primary and original purpose of partition, when the jurisdiction attaches for foreclosure, the court may make partition, so as to allot and segregate from the interests of the other tenants in common the part to be sold for the satisfaction of the mortnage. In *Fall v. Elkins*, 9 W. R. 861, it was held, a mortgagee of an undivided share may file a bill for foreclosure and partition, and may move for a receiver of the rents of the undivided share of the mortgagor.—2 Leading Cases in Equity, 811. Where the complainant's title is clear, or admitted, partition is a matter of right; and by a decree of foreclosure and sale, the foreclosure is completed for the purpose of making partition.

The averments of the bill, as to the *quantum* of the interests of some of the tenants in common, may not be sufficiently direct and explicit; but this is not assigned as a cause of demurrer, and the defect, if any, can be cured by amendment. All the necessary parties appear to be before the conrt.

Reversed and remanded.