| 91 | 273 |
| --- | --- |
| 98 | 367 |

| 91 | 273 |
| --- | --- |
| 100 | 502 |

| 91 | 273 |
| --- | --- |
| 109 | 177 |

| 91 | 273 |
| --- | --- |
| 111 | 295 |

| 91 | 273 |
| --- | --- |
| 144 | 439 |

## McQueen v. Turner.

### Bill in Equity for Sale of Lands for Partition.

1. *Errors assigned on interlocutory decree.*—On appeal from a final decree in a chancery case, errors in any interlocutory decree are available; but, if the appeal is taken from an interlocutory decree, errors can not be assigned on a former interlocutory decree, from which an appeal is barred.

2. *Allegation as to title and interest of parties in land.*—Since heirs at law take as tenants in common (Code, § 1923), an allegation in a bill which seeks a sale of lands for partition, that the parties claim as the heirs at law of their deceased father, sufficiently shows that they claim equal interests as tenants in common.

3. *Sale of lands for partition, when one party has life-estate only.* Lands may be sold for partition among tenants in common, although the surviving husband of a deceased tenant has a life-estate in his wife's undivided interest; and the court may, before allowing him to receive her share of the proceeds of sale, require him to give bond and security for the protection of the interests of the remaindermen.

4. *Same; adverse possession.*—In the exercise of its statutory jurisdiction to sell lands for partition among tenants in common (Code, § 3262), an asserted claim of adverse possession by the defendant does not require a dismissal of the bill, when it does not appear to have been continued long enough to bar the complainant's right of entry.

5. *Same; parties.*—When the bill seeks to have lands sold for partition, "the safer practice is to bring in as parties the personal representative of a deceased tenant in common, unless averment and proof are made that the estate owes no debts."

APPEAL from Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 25th January, 1888, by Mrs. E. C. Turner (a married woman), Carrie Smith, and John Smith, against their sister, Mrs. Ella McQueen, and her husband, Thomas McQueen; and sought the sale of a tract of land for partition, on the ground that it could not be equitably divided without a sale. The bill alleged that the land

belonged to Andy Smith at the time of his death in 1864; that the complainants and their said sister, Mrs. McQueen, "are all the children and heirs of the said Andy Smith;" that said land "is now the lawful and rightful property in common of all the children and heirs of said Andy Smith, and there is no necessity for any administration, as the estate is free from debt;" and that Mrs. McQueen and her husband "are occupying and residing on said lands, and. asserting claim thereto, to the exclusion of these complainants."

The defendants filed separate demurrers, which were the same in substance: (1) because the bill does not show the interest of each of the parties in the lands sought to be sold; (2) because "it does not show that those alleged to own said lands are joint owners, or tenants in common of the same;" (3) because there is no equity in the bill; (4) because complainants have a full, complete and adequate remedy at law; (5) because the bill shows that there is an adverse claim or title set up to said lands, and the court therefore has no jurisdiction to decree a sale. The cause being submitted on the demurrers, the chancellor held that the bill could not be maintained, (1) because of the alleged adverse possession, and (2) because there was no averment that the lands could not be equitably partitioned without a sale; but he only entered a decretal order that the complainants must amend their bill within thirty days. The bill was then amended, by adding an allegation that said lands "can not be equitably partitioned without a sale thereof, and that said lands can not be equitably partitioned." The chancellor again held that the bill could not be maintained on account of the alleged adverse possession, nor retained until the question of title could be determined; and, further, that the bill was defective in not alleging the particular interest of each of the parties in the land; but, while sustaining the demurrer on each of these grounds, he again granted leave to amend the bill.

The bill was again amended, by adding an allegation in these words: "Complainants, as the heirs of Andy Smith, are each the lawful owners, and are entitled to one-fourth interest in said lands; and said Ella McQueen, as an heir of said estate, is entitled to a one-fourth interest in said lands." The cause being again submitted on the demurrers, the chancellor rendered a decretal order, October 31st, 1889, overruling the demurrers, declaring that he had changed his opinion, and that he would retain the bill notwithstanding the alleged adverse possession. An amended and supplemental bill was afterwards filed, alleging the death of Mrs. Ella McQueen, and that her undivided one-fourth interest in the lands had descended

[McQueen v. Turner]

in equal shares to her three children as tenants in common, subject to the life-estate of her surviving husband; and the children were brought in as defendants. To the bill as thus amended Thomas McQueen again demurred, on the same grounds as before, and on the further ground, that the court had no jurisdiction to sell lands in which, to the extent of an undivided one-fourth, he had an estate for life. The chancellor held that he had jurisdiction to sell the lands for partition, at least to the extent of the three-fourth interests belonging to the complainants; and he overruled all of the demurrers. The appeal was sued out from this last decree, August 13th, 1890; and errors were assigned on it, and also on the decree of October 31st, 1889.

GAMBLE & POWELL, for appellants, cited *McEvoy v. Leonard*, 89 Ala. 455; *Johnson v. Ray*, 67 Ala. 603; *Whitman v. Reese*, 59 Ala. 532; *Wilkinson v. Stuart*, 74 Ala. 198.

J. M. WHITEHEAD, *contra*, cited *Horton v. Sledge*, 29 Ala. 478; *Ormond v. Martin*, 37 Ala. 598; *Shorter v. Smith*, 56 Ala. 208; 72 Texas, 229; 96 Mo. 552; 11 S. W. Rep. 788.

CLOPTON, J.—The appeal is taken from the decree overruling demurrers to the bill as last amended, by which appellees seek to have the land therein described sold for partition. No assignment of error going to the interlocutory decree of October 31, 1889, can be considered, the time having expired within which an appeal could be taken therefrom, and no final decree having been rendered. There being several causes of demurrer assigned, we shall, for convenience and brevity, consider in this connection such as are cognate.

The first, second, and fifth grounds are, that the bill fails to allege that complainants and defendants are joint owners, or tenants in common, or what the interest of each is, and to set forth the jurisdictional facts. The original bill avers, that Andy Smith, who died in 1864, owned the land at the time of his death; and states the names, ages and residences of all his children and heirs at law, who are made parties, either as complainants or defendants, and that each is entitled to a one-fourth interest. John Smith, one of the complainants, and Ella McQueen, a defendant, having died during the pendency of the suit, the children and heirs of the former are made complainants, and those of the latter defendants, by amendment, the husband of Mrs. McQueen being already a party to the original bill. The amendment alleges, that the children of the deceased parties are each entitled to a third interest in the

[McQueen v. Turner.]

one-fourth interest of their respective parents, and that the husband of Mrs. McQueen is entitled to the use of his wife's interest during his life. The bill further avers, that the land can not be equitably divided without a sale thereof. Under section 1923 of the Code, which declares: "When an inheritance, or share of an inheritance, descends to several persons, they take as tenants in common, in proportion to their respective rights, unless it is otherwise provided by law", the allegations of the bill show that complainants and defendants are tenants in common; and in connection with the description of the land, sufficiently set forth the facts to draw into exercise the jurisdiction of the Probate Court, a court of statutory and limited jurisdiction in proceedings to sell real property for partition; *a fortiori*, when the court is one of general jurisdiction.—*Morgan v. Farned*, 83 Ala. 367.

The sixth and eighth grounds of demurrer are based upon the averments of the amended bill, disclosing that the husband of Mrs. McQueen is entitled to the use of the undivided interest during his life. The contention is, that when one of the several tenants in common has only a life-interest, land can not be sold for partition. In the absence of statutory provisions, the general rule is, that neither at law nor in equity can partition be awarded, when the entire common estate is in reversion or remainder.— *Wilkinson v. Stuart*, 74 Ala. 198. The rule rests on the principle, that possession, actual or constructive, is requisite to a partition. It has no room for operation, where one of several tenants in common has a life-estate, the others having a legal or equitable title and possession. The right of the owner of a life-estate in an undivided part of the property held in common, to compel partition, does not seem to have ever been questioned. The only doubt entertained was, whether he could compel the remainder-men to unite with him in the suit, or compel a partition, which would be binding after the termination of his life-estate.. The rule now permits the remainder-men to be made parties, so that their interests may be represented; and if all the parties interested are brought before the court, and their interests are fairly represented, all estates, whether in possession, reversion or remainder, may be bound by the decree.— *Gayle v. Johnson*, 80 Ala. 395.

Partition is a matter of right, and is · authorized by the statute among joint owners, or tenants in common holding the lands, without reference to the duration of the estate. It may be compelled as well against a life-tenant, as obtained at his suit. The statute confers on the Chancery Court concurrent jurisdiction with the Probate Court, "to divide or partition, or

to sell for division or partition, any property, real, personal, or mixed, held by joint owners, or tenants in common." It authorizes two modes—actual partition, or partition by a sale of the property and division of the proceeds. By authority of the statute, the Chancery Court may, in all cases in which the party asking for partition is entitled, decree a sale, and divide the proceeds, when the property can not be equitably divided. *Shaw v. Beers*, 84 Ind. 528. The interests of the remaindermen need not be thereby endangered; for the court may secure the forthcoming of their share of the proceeds at the termination of the particular estate, by requiring bond and security before turning it over to the life-tenant.

The ground of the other demurrers, except the seventh, which is general and can not be considered, is, that the bill shows an adverse claim or title. These demurrers are founded on the allegation of the original bill, that the defendants "are occupying and residing upon the said land, and asserting claim thereto, to the exclusion of these complainants." As to the Probate Court, the statute declares that no division can be made "when an adverse claim or title is asserted by any one, or brought to the knowledge of the commissioners or of the judge of probate."—Code, § 3251. This provision is not applicable to the Chancery Court. The rule has been long and well settled in this State, that disputed questions of law or fact, on which the legal title may depend, will not oust or exclude the jurisdiction of the Chancery Court; neither will disseizin by a co-tenant, unless so long continued as to bar the right of entry, prevent the jurisdiction from attaching. Prior to the statute, to which we shall hereafter refer, controversies as to the legal title were regarded merely as cause for staying the proceedings, and directing the issue of fact to be determined in a court of law.—*Mc Math v. DeBardelaben*, 75 Ala. 68; *Stevenson v. Anderson*, 87 Ala. 228. Though complainants may have been out of possession many years, and the defendants in adverse possession excluding them, if such possession has not continued long enough to vest an indefeasible title under the statute of limitations, the court has jurisdiction to grant partition.—*Berry v. Webb*, 77 Ala. 507. Any doubt which may have existed as to the proper practice, was put at rest by the act of February 6, 1858, constituting section 3588 of the Code, which provides: "In suits for partition of lands, if the defendant denies the title of the complainant, the chancellor need not dismiss the bill, or delay the suit until a trial can be instituted and had at law, but may direct the issue as to the title of the complainant to be tried as other issues of fact are triable, according to the three sections next preceding."

[McQueen v. Turner.]

These sections provide, that an issue of fact, directed to be tried by a jury, may be tried by a jury summoned to attend the Chancery Court, or certified for trial to the Circuit Court. The evident purpose of the statute is, to authorize the determination and adjustment of all the rights and interests of the parties, including controverted questions of title, in one suit in the Chancery Court.

Speaking in reference of this statute, it is said in *McMath v. DeBardelaben, supra*: "It is apparent that the statute to which we have referred treats a suit in equity for partition, though the title be legal, as essentially an adversary suit; and contemplates that all questions arising in its progress shall be within the jurisdiction of the court, subject to its determination, avoiding delay in the administration of justice and a multiplicity of suits, with a consequent increase of costs." The adverse possession appearing on the face of the bill in that case, as in the present, it was further said, "that the fact appears on the face of bill is not material: the jurisdiction of the court is plenary for the determination of its effect."

*McEvoy v. Leonard*, 89 Ala. 455, does not conflict with these views; the cases are clearly distinguishable. In that case, the purpose of the bill was to have a sale of land for distribution, under the statutes regulating the sale of the real estate of decedents. What parties were entitled to distribution of the proceeds, depended upon the validity of a will, those claiming under the will having adverse possession, to the exclusion of the complainants. The chancellor decided, in which decision this court concurred, that the court could not decree a sale of lands for distribution when held adversely, and distinguished the case from *McMath v. DeBardelaben;* observing, that the latter case "was one for partition, and not, as in the present case, for the sale of land for distribution."

It not appearing from the bill that the adverse possession of defendants was continued for the length of time prescribed as a bar of complainants' right of entry, the chancellor properly decided not to dismiss the bill, but to proceed in obedience to the statute, to try the fact of adverse possession, if sufficiently set up in the answer, by calling in, if necessary, the aid of a jury.

Though the want of necessary parties is not assigned as a cause of demurrer, it is not improper to suggest, that in case of a suit in equity to have land sold for partition, unless averment and proof are made that the estate owes no debts, the safer practice is to make the personal representatives of the deceased tenants in common parties.

Affirmed.