# Inge v. Jones.

*Bill in Equity for Partition of Land.*

1. *Allegations as to interest of parties in land.*—Where the averments in a bill for the partition of land show that the complainants and the respondent are only children of G, deceased, and that complainant's contention is that they are tenants in common with re⁻

[Inge v. Jones.]

spondent under a devise made by the will of T, of the land to said G, for his life, with remainder to his "living children," the interest of each party is sufficiently shown.

2.  *Will: construction of devise of remainder to life-tenants "living children."*—Where a testator devised a life-estate to his son, with remainder over to the son's "living children," all the son's children who were living at the termination of the life-estate took equally, whether born before or after the date of the will or of the testator's death.

APPEAL from Chancery Court of Hale.

Heard before the Hon. W. H. TAYLOE.

The averrments of the bill in this case are sufficiently stated in the opinion. The defendant's demurred to the bill on the following grounds: (1) that it shows that neither of the complainants were living when the will under which they claim was made, nor at the time of the death of the testator ; and, (2) that it fails to set out with sufficient definiteness the interest of the complainants in the property sought to be partitioned. A decree was rendered overruling these demurrers· The appeal is from this decree.

GREGORY L. & H. T. SMITH, for appellant.—The bill does not sufficiently show that complainants have an interest in the subject matter of the suit. *Rapier v. Gulf City Paper Co.*, 64 Ala. 330 ; *McKinley v. Irvine*, 13 Ala. 693 ; 3 Brick. Dig. p. 377 ; § 153, *et. seq.* The word "living" was certainly intended to refer either to the time of the testator's death, or to the death of George M. Johnson. If it was intended to speak as of the death of said George M. Johnson, then it was meaningless and pure surplusage, for such would have been the meaning of the clause without it. *Travis v. Morrison*, 28 Ala. 285. The court is not at liberty to discard the word as surplusage as long as there is any field for its operation. As *Travis v. Morrison* was the law of Alabama at the time the will was written, the rule laid down in that case must be presumed to have been in the mind of the testator.

SEAY & DE GRAFFENRIED, *contra*, cited *McCroan v. Pope*, 17 Ala. 616 ; *Taylor v. Harwell*, 65 Ala. 1 ; *Jenkins v. Cooper*, 50 Ala. 419 ; *Matter of Ryder*, 11 Paige, 185 ; *Kennard v. Kennard*, 63 N. H. 303 ; *Wiggins v. Perkins*,

2 N. E. Rep. 896; *Leander v. Coke*, 122 Ill., 317; *Wee-hauken Ferry Co v. Sessions*, 17 N. J. Eq., 475; 20 Am. & Eng. Ency. of Law, 840; 4 Kent, 206; 2 Jarman on Wills, chap. 47; 132 Mass. 142.

COLEMAN, J.—The bill was filed by the guardian of Georgia Johnston and Herman Johnston, the purpose of which was to obtain a decree for partition of certain lands, definitely described in the bill. Nona Inge was made respondent. The averments show that the complainants and respondents are the only children of George M. Johnston, deceased, and complainant's contention is that they are tenants in common with respondent under a devise made by Thomas M. Johntson, their grandfather. The interest of each party is sufficiently manifest from the facts stated. *McQueen v. Turner*, 91 Ala. 273.

There is but one question of importance raised by the demurrer to the bill, and that involves the construction of the devise to George M. Johnston. The testator devised to his son, George M. Johnston, "the tract of land recently purchased by him from the estate and widow of James I. Walton, lying in Hale county, Alabama, containing 1476 acres, together with the improvements thereon, during the natural life of the said George M. Johnston, and then it is to go to his living children." It appears from the bill that only Nona Inge, one of the children of George M. Johnston, was living at the date of the will or death of testator, and that complainants, who were also the children of George M. Johnston, were born subsequent to such period. The respondent, Nona Inge, claims, that by the devise, she is the sole owner of the land, and the question is raised by the demurrer to the bill. Much has been written by learned judges and able text writers, in construing devises over after a life estate or particular estate has been carved out, in determining whether the estate over is vested or contingent, and, when the remainder is to the children of the life tenant, whether the estate over is restricted to the children living at the death of the testator. However variant the conclusions reached, all authorities agree that a testator of sound disposing mind and memory can make any disposition of his estate by will that he may prefer, not inconsistent with law or public policy. The intention

of the testator must prevail, and rules of construction are intended to ascertain this intention. The entire will is not in the record. We have only that part which embraces the devise under consideration. It frequently happens that a particular portion or phrase of a will, standing alone, is indefinite and uncertain, but, considered in connection with other portions of the same will, become easily understood. A testator has the right to select one child or one grandchild, to the exclusion of others, equally entitled to his affection and bounty, as the subject of his gifts. If such should be the intention, we would expect the preference to be manifested by the use of some specific or definite description or nomination, or by words of exclusion as to those not intended to be included in the gift. Unless it satisfactorily appears from the will that the testator intended to prefer one to the exclusion of others, all of whom stand in the same degree of relationship to him, and are equally entitled to his bounty, the courts should solve the contention in favor of all alike. It is certain that George M. Johnston was to take only a life estate, "and then it is to go to his living children." If, at the date of the will, George M. Johnston had no children, by no process of reason could we presume that he referred to any particular child. If Nona Inge, the respondent, was then living and there were no other children, and the testator had intended to limit or restrict the remainder over to her, it is reasonable to presume that he would have mentioned her by name, or described her as the child of George M. Johnston. The testator used the term "children," providing that after the life estate had fallen in, the property should "then go to the living children." Evidently the testator did not intend to prefer one of the children of his son to other children, but intended that the property should go to all the children alike of his son who should be living at the termination of the life estate. Complainants are within the class of those embraced within the provision of the devise. Whether Nona took a contingent remainder, now converted into an executory devise by statute, or a vested remainder, the result would be the same. If Nona Inge took a vested remainder in the whole at the death of the testator, the estate would open and let in afterborn children of George M. Johnston, the life tenant. If the devise was executory or a contingent remainder,

[Pulliam v. Schimpf.]

complainants and respondent being alive at the time of the death of the life tenant, all would take under the devise. We would be drawn to this conclusion under the influence of the cardinal rule that the intent of the testator, if possible, should be ascertained, and, when ascertained, must dominate the conclusion. Many authorities bear us out in our construction of the devise.—*Banks v. Jones*, 50 Ala. 480 ; 2 Jarman on Wills, 707 ; 3 Jarman on Wills, 589, and authorities ; *Roundtree v. Roundtree*, 26 S. C. 450.

Affirmed.

HARALSON, J., not sitting.