## HENDERSON v. STINSON. (4 Div. 951.)

(Supreme Court of Alabama. April 27, 1922.)

1. **Tenancy in common** ⊜⟹28(1) — **Cotenant must account for rents received from third parties.**

One cotenant must account to the other for rents and profits received by him from third parties.

2. **Tenancy in common** ⊜⟹26—**Cotenant must account for waste.**

One cotenant must account to the other for waste.

3. **Partition** ⊜⟹89—**Court will settle questions as to rents and waste, without averments as to complication or necessity for discovery.**

In a partition suit between cotenants, the court, having acquired jurisdiction, will settle all related matters, such as the accounting for rents and profits received by a cotenant from third parties, and waste, although the bill contains no averment of complication or necessity for discovery.

4. **Partition** ⊜⟹55(2)—**Bill held sufficient.**

Original bill in a partition suit between cotenants *held* to sufficiently show the parties and their interests.

5. **Partition** ⊜⟹60—**Amendment to bill not objectionable.**

In a partition suit between cotenants, *held*, there was no tenable objection to an amendment to the bill on the ground that it set up matters subsequent to the filing of the bill.

6. **Partition** ⊜⟹57—**Averment of cross-bill of different quantum of interest in respective parties not ground for demurrer.**

The fact that, in a partition suit between cotenants, the cross-bill avers a quantum of interest in the respective parties different from that averred in the original bill affords no ground of demurrer to the cross-bill, but merely raises an issue of fact.

7. **Partition** ⊜⟹12(5) — **Cotenant entitled to possession may have partition, although entire common estate is in reversion or remainder.**

Although the general rule is that partition cannot be awarded when the entire common estate is in reversion or remainder, a cotenant of such an estate, who is entitled to possession of his interest, is entitled to partition.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by J. T. Stinson against J. E. Henderson for partition and for an accounting. From a decree overruling demurrers to the

bill and the cross-bill filed by Mrs. Stinson, respondent appeals. Affirmed.

The original bill sets out certain lands by government subdivision, with the allegation that Stinson owns a one-third interest therein and Henderson owns a two-thirds interest. It is alleged that they can be equitably divided by owelty of partition, which complainant asks; but, if mistaken in this, and it is determined that· a sale thereof is necessary, then complainant prays for a sale. The bill alleges, further, that since the beginning of joint ownership Henderson has cut and removed therefrom upwards of $7,000 worth of timber, has farmed out timber for turpentine purposes and received upward of $2,000 rent therefrom, and has rented out the open land thereon and has received more than $1,000 rent therefor, and has failed to account to Stinson for any portion of his part thereof. The bill was afterwards amended, setting up his eviction by injunction at the instance of Henderson, and alleging certain other wastes committed, with the same prayer. Later the bill was amended, alleging that, since the beginning of the suit, his wife, Sarah Stinson, has acquired some interest in and to the land involved in the suit, which in the original bill he alleged belonged to J. E. Henderson, and she is made a party respondent and required to answer the bill. She answered the bill, setting forth her interest in the land, which she declares to be a one-fifth interest, that her husband owns a one-fifth interest, that Henderson owns two-fifths interest, and that other people therein named each own on undivided one-twentieth interest in the land, less the life estate of Nancy Kent, the widow of the original owner of the land. The other facts sufficiently appear.

W. W. Sanders, of Elba, for appellant.

One tenant in common in possession is not liable to the other tenants for rent, in the absence of an express promise to pay. 80 Ala. 395; 67 Ala. 326; 90 Ala. 458, 7 South. 830. The bill is not good as for an accounting. 115 Ala. 543, 22 South. 131; 1 Ency. P. & P. 98. The amendment rendered the interest of the parties uncertain. 83 Ala. 367, 3 South. 798; 96 Ala. 195, 11 South. 339. The cross-bill will not lie, as it appears to be by a remainderman for partition or for sale for division. 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; 180 Ala. 204, 60 South. 804. The cross-bill shows that the interest acquired was obtained subsequent to the filing of the original bill, and therefore it could not be maintained. 78 Ala. 99; 133 Ala. 554, 51 South. 938; Sim's Chanc. Prac. 421.

Sollie & Sollie, of Ozark, and Walter S. Huey, of Enterprise, for appellee.

The statute of limitations does not run against a cotenant until eviction, or knowledge or notice of an adverse claim. 157 Ala. 230, 47 South. 565; 149 Ala. 79, 43 South. 368. An estoppel, to be available, must be pleaded. 169 Ala. 606, 53 South. 812; 173 Ala. 46, 55 South. 536. The facts set up constituted an estoppel. 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; 159 Ala. 645, 49 South. 255; 196 Ala. 234, 72 South. 48; 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815; 194 Ala. 390, 69 South. 607; 193 Ala. 94, 69 South. 436. The fact that the matter occurred subsequent to the filing of the bill does not rob it of its equity. 96 Ala. 301, 11 South. 249; 62 Ala. 550. Having acquired jurisdiction in the matter of partition, equity will completely settle the issues involved, and will therefore require a proper accounting. 16 Ala. 621; 22 Ala. 396, 58 Am. Dec. 262; 105 Ala. 664, 17 South. 105; 113 Ala. 543, 21 South. 373; 203 Ala. 110, 82 South. 124. As a rule a cross-bill is not required to contain equity. 15 Ala. 501; 60 Ala. 369; 65 Ala. 617; 148 Ala. 153, 41 South. 860. The cross-bill complies with the statutes. Sections 5222 and 5231, Code 1907; 72 Ala. 566; 77 Ala. 499; 92 Ala. 387, 9 South. 149.

SAYRE, J. Appellee Stinson filed the original bill in this cause praying that a sale of 480 acres of land be decreed in lieu of partition, and that appellant Henderson be brought to account for rents, profits, and waste. Defendant answered denying complainant's interest in the land and claiming ownership of the entire fee in himself. Further answering, defendant pleaded the statute of limitation of 10 years, the statute (sic) of 20 years, and laches. By amendments, Sarah Stinson, wife of original complainant, and others, were brought in on an averment that they had interests in the land, and the interests of the parties were defined, and, further, complainant undertook to state a cause of estoppel against the right claimed by defendant in virtue of laches and the statutes of limitation. The merits of this alleged estoppel, added in the bill by way of replication to defendant's answer, did not affect the equity of the bill, and need not now be discussed. In her answer Mrs. Stinson denied Henderson's ownership as averred in his answer, stated a new definition of the respective interests of all parties, and prayed relief of the same character as that sought by the original bill. Henderson's demurrers to the original bill as amended and to Mrs. Stinson's cross-bill were overruled, and the decrees to that effect are assigned for error. We will state our conclusions in respect of the grounds of demurrer treated in the brief.

[1-3] In the first place, it is objected that defendant is not answerable for rents in the absence of an express promise to pay. The rents and profits for which complainant seeks an accounting were received by defendant

from third parties, and for them he must account. Wheat v. Wheat, 190 Ala. 461, 67 South. 417; McCaw v. Barker, 115 Ala. 543, 22 South. 131. So in respect of waste. Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 35 South. 50. Nor is it necessary that the bill contain an averment of complication or a necessity for discovery. Having acquired jurisdiction for partition, the court will proceed to a settlement of all related matters. Marshall v. Marshall, 86 Ala. 383, 5 South. 475.

[4, 5] The original bill sufficiently showed the parties and their interests. McQueen v. Turner, 91 Ala. 273, 8 South. 863. Nor was there any tenable objection to the amendment on the ground that it set up matters subsequent to the filing of the bill. Ala. Warehouse Co. v. Jones, 62 Ala. 550; Freeman v. Brown, 96 Ala. 301, 11 South. 249.

[6] The fact that the cross-bill avers a quantum of interest in the respective parties different from that averred in the original bill affords no ground of demurrer to the cross-bill. This state of the pleading merely raised an issue of fact to be determined on the evidence.

[7] In the absence of statutory provision, the general rule is that partition cannot be awarded when the entire common estate is in reversion or remainder. Wilkinson v. Stuart, 74 Ala. 198; McQueen v. Turner, supra. Here the complainant is entitled to present possession of his interest, and for that reason, on the averments of the bill, is entitled to partition. The leading authorities are cited in Wheat v. Wheat, supra.

We find no error in the decrees.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.