33 So.2d 883

**JEFFERSON et al. v. JEFFERSON et al.**

2 Div. 234.

Supreme Court of Alabama.

Nov. 28, 1947.

Rehearing Denied Feb. 26, 1948.

Jones, Dominick & McEachin, Liston C. Bell and Jas. P. Bradford, all of Tuscaloosa, for appellants.

Ira D. Pruitt, of Livingston, for appellees.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Sumter County, Alabama, overruling demurrers to a bill of complaint.

The case made by the bill is in substance that Demus Jefferson died intestate in Sumter County prior to 1914. A part of his estate consisted of 212 acres of land which is the subject matter of this suit. He left surviving his wife, Hannah Jefferson, four sons, Caleb, Ned, Wesley and Needham, and two daughters, Millie Jefferson Dykes, and Delia Jefferson Ingram. On October 7, 1914, all of the surviving children of Demus and Hannah Jefferson, with their respective husbands and wives joining them, executed and delivered to Hannah Jefferson a deed conveying to her all their interest in and to said 212 acres of land. On October 13, 1914, Hannah Jefferson mortgaged said lands to Essie L. Stein to secure an indebtedness of $383, due and payable November 1, 1915. On November 13, 1914, Hannah Jefferson mortgaged said lands to W. R. Larkin and S. E. Foscue to secure an indebtedness of $1000 due and payable November 13, 1915. It is alleged that the two mortgages were executed to secure funds to pay obligations of Caleb Jefferson, the son of Demus and Hannah Jefferson, and that said funds were so used. It is further alleged that Caleb Jefferson continued to live with Hannah Jefferson after Demus Jefferson died; that Hannah Jefferson died intestate about nine years before this suit was filed, leaving surviving the following heirs at law, N. H. Jefferson, Delia Jefferson Ingram, Millie Jefferson

Dykes, Caleb Jefferson, Lennett Jefferson Donald and Martha Jefferson; Wesley Jefferson and Ned Jefferson having died subsequent to the death of Demus Jefferson, and prior to the death of Hannah Jefferson, Caleb Jefferson continued to live on the lands here involved, and was living thereon when this suit was commenced on May 25, 1944. It is further alleged that after the death of Hannah Jefferson, Caleb Jefferson sold certain timber growing on the lands involved, and certain easements across said lands for power lines. That the two mortgages, above mentioned, were not paid during the lifetime of Hannah Jefferson, and that after her death Caleb Jefferson bought and had transferred to him the said two mortgages, and that he foreclosed the same on July 18, 1942; and at the foreclosure sale Caleb Jefferson and his stepdaughter, respondent Aurelia Jefferson, became the purchasers of said lands at and for the recited consideration of $3500. This suit was instituted on May 25, 1944, within two years after the foreclosure of said mortgages. It is alleged that prior to filing suit, Needham (N. H.) Jefferson and his two sisters, Delia Jefferson Ingram and Millie Jefferson Dykes, made two separate demands upon Caleb Jefferson for a statement and accounting as to the amount received by him from the timber sold from said lands and the easements across said lands after the death of Hannah Jefferson, and as to how much Caleb owed the estate of Hannah Jefferson on account of the two mortgage transactions, and for rents and profits on said lands. That Caleb advised them that he (Caleb) owned said lands; that he would not account to them for anything, and that he owed the other heirs of Hannah Jefferson nothing.

By amendment it was made to appear that Caleb Jefferson died intestate since this proceeding was instituted, and that there has been no administration of his estate. He left surviving his widow, Sarah Jefferson, and the following children, all over the age of 21 years: Augusta Jefferson Shackford, Sophronia Jefferson Dixon, Bertha Jefferson Rogers, C. B. Jefferson, Jr., Lew D. Jefferson, Annie Lee Jefferson Brockway, and Lovertha Jefferson Gandy; and, by amendment, Lennett Jefferson Donald, Lovertha Jefferson Gandy, Annie Lee Jefferson Brockway, Bertha Jefferson Rogers, Augusta Jefferson Shackford, Lew D. Jefferson and C. B. Jefferson, Jr., were made parties complainant to this cause, and Sophronia Jefferson Dixon and Sarah Jefferson were made parties respondent. Martha Jefferson, one of the original respondents, is alleged to be over the age of 21 years; but it is further alleged that her address is unknown, and could not be ascertained after diligent search and inquiry, and that she has not been heard from in more than 20 years.

It is alleged that the lands can be divided in kind among the joint owners or tenants in common.

In substance, the bill prays that Caleb Jefferson be required to account for the proceeds of the two mortgages executed by Hannah Jefferson for his sole benefit; that he be required to submit an itemized account for all or any monies claimed to be due him for the support and maintenance of Hannah Jefferson; that he be required to account for the money received by him for the timber and easements sold since the death of Hannah Jefferson, together with the rents and profits from said lands since Hannah's death. That he be required to disclose the amount he paid in the purchase of the two mortgages; that Caleb and Aurelia Jefferson be required to disclose the true amount paid by each in the purchase of said lands at the mortgage foreclosure sale; that Aurelia Jefferson disclose her actual interest, if any in said lands; that the respective interest of the parties in and to said lands be determined; and that complainants be allowed to redeem said lands from the purchasers at the foreclosure sale, or that said foreclosure sale be set aside, and said lands be divided in kind among the joint owners or tenants in common thereof, and that each part thereof be subjected to a lien for such amount as the court finds to be due thereon; and, further, that if said lands cannot be equitably divided in kind that the same be sold for division of the proceeds, and for general relief.

Martha Jefferson, one of the original respondents, did not appear. Another of the original respondents, Lennett Jefferson

Donald, was made a party complainant by amendment.

Aurelia Jefferson, Sarah Jefferson and Sophronia Jefferson Dixon, separately appealed.

■ The demurrer of each appellant was directed to the bill as a whole, and of consequence if the bill has equity as to each appellant in any of its aspects the demurrer was due to be overruled. First National Bank v. Bonner, 243 Ala. 597, 11 So.2d 348; Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99; American Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36; First National Bank v. Forman, 230 Ala. 185, 160 So. 109; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645; Wood v. Estes, 224 Ala. 140, 139 So. 331; First National Bank v. De Jernett, 229 Ala. 564, 159 So. 73; Wells v. Wells, 249 Ala. 649, 32 So.2d 697.

■ As we view it, the primary purpose of the bill is to determine the respective interest of the parties in the described lands and partition between them. Other aspects involve the redemption of the lands sold under the two mortgages and an accounting between the joint owners or tenants in common.

Under the allegations of the bill as last amended, all of the parties to this suit, except Sarah Jefferson, the widow of Caleb, are tenants in common of the lands involved, and that aspect of the bill seeking a partition is not without equity. It must follow that the trial court correctly overruled the demurrer of Aurelia Jefferson and Sophronia Jefferson Dixon.

■ Section 189, Title 47, Code of 1940, provides that in partition suits the court may adjust, settle and determine all questions as to dower or curtesy as if separate proceedings had been brought to settle and determine these questions. Under this section the bill of complaint contained equity as to respondent Sarah Jefferson, the widow of Caleb, and her demurrer was properly overruled.

The cause is therefore affirmed.

Affirmed.

All the Justices concur.