**McCLENDON et al. v. STRAUB.**

No. 13748.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1952.

Rehearing Denied March 18, 1952.

See 194 F.2d 1008.

William S. Pritchard, Victor H. Smith and Winston B. McCall, all of Birmingham, Ala., for appellants.

Francis Arnold Drennen, Birmingham, Ala., for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Basing federal jurisdiction on diversity of citizenship, appellee, plaintiff below, prayed that certain real and personal property, alleged to have been owned by Grover C. McClendon at the time of his death, be sold and that the proceeds of sale be divided among the joint owners or tenants in common.

Grover C. McClendon died intestate on February 18, 1950, and this action was instituted on September 6, 1950, at which time there had been no administration upon his estate. The plaintiff claimed to be his daughter by an earlier marriage; the defendant, Mrs. Grover C. McClendon, was his widow; and the defendant, John S. McClendon, was his son by the last marriage.

The defendants challenged the jurisdiction of the court over the subject matter of the complaint insisting that the court was without jurisdiction in practical effect to

administer the estate of Grover C. McClendon, deceased, and further that the action was prematurely brought before the estate had been administered upon in the Probate Court and provision there made for the widow's quarantine rights, dower rights, homestead rights, and the rights of creditors. In their answer, the defendants denied that Grover C. McClendon at the time of his death owned any of the property described in plaintiff's complaint, and denied that the plaintiff was an heir of Grover C. McClendon or had any interest whatsoever in any of said property.

The district court found that the plaintiff was the lawful daughter of Grover C. McClendon, deceased, that the defendant John S. McClendon was his lawful son and the defendant, Mrs. Grover C. McClendon, his widow; that Grover C. McClendon died intestate seized and possessed of the real property described in the complaint, that said property cannot be equitably partitioned between the plaintiff and the defendants in proportion to their respective interests without a sale, and therefore ordered the real property sold and reserved the cause for further orders. This appeal ensued.

It is here insisted that the court was without jurisdiction; that it had no right to order the sale of the real estate over the objections of the widow and without any provision having been made for the payment of debts of the deceased; and finally that the property was not owned by Grover C. McClendon, but belonged to the defendant, John S. McClendon.

■ Jurisdiction of the court to ascertain and declare the interest of the plaintiff in the estate of Grover C. McClendon is clearly established by a long line of cases.[1]

■ Whether the court had a right to go further and order a sale of the property necessitates a consideration of the Alabama law as to the descent of property, the payment of debts of the deceased, the widow's quarantine, dower, and homestead rights, and the right to such a sale in the equity courts of the state. As said by Mr. Justice Bradley speaking for the Court in Case of Broderick's Will, 21 Wall. 503, 88 U.S. 503, 520, 22 L.Ed. 599: "Whilst it is true that alterations in the jurisdiction of the State courts cannot affect the equitable jurisdiction of the Circuit Courts of the United States, so long as the equitable rights themselves remain, yet an enlargement of equitable rights may be administered by the Circuit Courts, as well as by the courts of the State. And this is probably a case in which an enlargement of equitable rights is effected, although presented in the form of a remedial proceeding. Indeed, much of equitable jurisdiction consists of better and more effective remedies for attaining the rights of parties."[2]

In Alabama, with certain exemptions, the real as well as the personal property of a decedent is charged with the payment of his debts, and, if necessary, may be sold for that purpose. However, in case of intestacy, lands may be sold by the administrator for the payment of debts only when the personal estate is insufficient therefor.[3] Real property descends directly to the next of kin unless intercepted by the administrator for the payment of debts, and in the absence of evidence of debts, one of the tenants in common may maintain a bill in equity for the sale of lands for division without bringing in a personal representative of the decedent.[4] In the present case, there was no effort to show debts of the deceased or that the personal estate was not sufficient to pay all debts.

The widow's quarantine rights in Alabama consist of her right free from the payment of rent, to retain possession of the

1. Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256, and cases cited; Heath v. Jones, 5 Cir., 168 F.2d 460, 462; Robinson v. Georgia Savings Bank & Trust Co., 5 Cir., 106 F.2d 944, 946; Smith v. Jennings, 5 Cir., 238 F. 48, 52, 53; 54 Amer.Juris., United States Courts, secs. 36, 37; Annotation 158 A.L.R. 9, 37, et seq.

2. See also Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664; 54 Am. Jur., U. S. Courts, Sec. 37; Annotation 158 A.L.R. 16, 17, et seq.

3. Alabama Code of 1940, Title 61, secs. 217, 244.

4. Leddon v. Strickland, 218 Ala. 436, 118 So. 651.

dwelling house, offices and buildings appurtenant thereto, and plantation connected therewith until her dower is assigned her.[5]

Her homestead is limited to $2,000 in value, and when, as in this case, the homestead exceeds that value, it may be sold and the exemption carved out of the proceeds of the sale.[6] The value of the homestead set aside is not charged to the widow in determining her dower interest in other lands.[7]

When there are children, as here, the widow's dower interest consists of an estate for her life in one-third of her husband's lands,[8] subject to be reduced or eliminated entirely in the case of a widow owning a separate estate.[9] The orginal jurisdiction of a court of equity for assignment of dower has not been taken away by statute.[10] The rule has been broadly stated by the Alabama Supreme Court as follows: "The bill by the cotenant was for a sale for the division of real property after carving therefrom homestead and dower for the benefit of the widow. This may be done, under the recent decisions of this court. Wheat v. Wheat, 190 Ala. 461, 67 So. 417; Henderson v. Stinson, 207 Ala. 365, 92 So. 453." Whitehead et al. v. Boutwell, 218 Ala. 109, 117 So. 623, 624.

At one time it was the law in Alabama that a widow's dower could not be included in a sale for division either in the probate court or in chancery without the written consent of the widow.[11] Section 189, Title 47, Alabama Code of 1940, provides that in partition suits the court may adjust, settle and determine all questions as to dower or curtesy as if separate proceedings had been brought to determine these questions. Even after the enactment of what is now that section of the Alabama Code, the State Supreme Court, without specifically referring to that statute said that a widow's dower interest in the lands could not be dis-

posed of by a sale for division without her written consent. Hopkins v. Crews, 220 Ala. 149, 124 So. 202, 203. However, the last holding of the State court is in effect that under this section a bill for division contains equity as against a non consenting widow and empowers the court to adjust, settle and determine all questions as to her dower. Jefferson v. Jefferson, 250 Ala. 269, 33 So.2d 883, 885.

It appears that the present complaint could have been maintained in the State Circuit Court in equity, and the requisite amount and diversity of citizenship existing, the federal district court had jurisdiction.

The testimony in this case was heard orally by the district court which had the advantage of observing the demeanor of the witnesses. The district court found as a fact that Grover C. McClendon was one and the same person as the J. S. McClendon named as grantee in the deeds to the real property. There was evidence that Grover C. McClendon frequently used the name of J. S. McClendon; that he had told his brother he was changing his name to J. S. McClendon; that his wife, one of the present defendants, had joined him in the execution of a mortgage in which he used the name J. S. McClendon. We are not willing to disturb the finding of fact by the district court that Grover C. McClendon at the time of his death was the owner of the property described in plaintiff's complaint.

The judgment of the district court could be affirmed. However, it was disclosed in argument before this court that pending the appeal an administrator of the estate of Grover C. McClendon had been appointed and we think the judgment of the district court insofar as it orders the property sold for division should be vacated so as to afford an opportunity for such administrator either to intervene or to

---

5. Alabama Code of 1940, Title 34, sec. 50.

6. Alabama Code of 1940, Title 7, sec. 652.

7. Alabama Code of 1940, Title 34, sec. 64.

8. Alabama Code of 1940, Title 34, secs. 40, 41.

9. Alabama Code of 1940, Title 34, secs. 42, 43.

10. Whitehead v. Boutwell, infra; Bank of Hartselle v. Brindley, 213 Ala. 405, 104 So. 803.

11. Boyles v. Wallace, 208 Ala. 213, 93 So. 908, 910; Hamby v. Hamby, 165 Ala. 171, 51 So. 732, 734.

be joined as a party defendant and thereby to permit the property to be sold free from the possibility of being liable for the debts of the deceased.[12]

The judgment of the district court insofar as it orders the property sold for division is therefore vacated and the cause is remanded for further proceedings not inconsistent with this opinion, with costs taxed against appellants.

Reversed in part and remanded.

12. See Code of Alabama, 1940, Title 7, sec. 51.