**McCLENDON et al. v. STRAUB.**

No. 13748.

United States Court of Appeals
Fifth Circuit.

March 18, 1952.

William S. Pritchard, Victor H. Smith and Winston B. McCall, all of Birmingham, Ala., for appellants.

Francis Arnold Drennen, Birmingham, Ala., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

On application for rehearing appellants have properly pointed out that the case of Jefferson v. Jefferson, 250 Ala. 269, 33 So.2d 883, 885, is distinguishable from the present case because the widow there involved was the widow of a tenant in common who had died while a suit for sale of the land for division was pending. We may not therefore claim a controlling decision of the Supreme Court of Alabama on the construction of Section 189, Title 47, Alabama Code of 1940. Let us briefly review a few principles of Alabama law as they existed prior to the enactment of that section. The state circuit court in equity had original jurisdiction to sell for division whether the defendant denied the title of the plaintiff or not and in the exercise of that jurisdiction the court proceeded according to its own practices in equity.[1] Courts of equity had concurrent jurisdiction with courts of law in all cases in the assignment of dower and equity alone had jurisdiction to decree compensation in lieu of dower,[2] and in certain cases where the land had been aliened by the husband.[3] The widow was under no duty to have dower assigned and the heirs might sue in equity for such purpose.[4] Partition or sale for division might be awarded upon the suit of a party who owned a present interest and was entitled to immediate possession and enjoyment although the suit involved the setting apart of other inter-

---

1. Code of Alabama 1940, Title 47, Sec. 186.

2. Wood v. Morgan, 56 Ala. 397.

3. Code of Alabama 1940, Title 34, Sec. 61.

4. Robertson v. Robertson, 191 Ala. 297, 68 So. 52; Callahan v. Nelson, 128 Ala. 671, 29 So. 555; Shelton v. Carrol, 16 Ala. 148.

ests.[5] In the light of the pre-existing state of the Alabama law, it seems to us that the language of Section 189, Title 47, of the Alabama Code of 1940 is plain and leaves little or no room for construction, viz.: "may adjust, settle and determine all questions as to dower or curtesy as if separate proceedings had been brought to settle and determine these questions." We think that this section was intended to give the equity court jurisdiction in the suit for partition or sale for division of the lands to settle and determine all questions of dower in the property of the decedent.

We are not impressed that the appellants' conduct, taken in their own interests, in belatedly having an administrator appointed for the decedent's estate has entitled them to any allowance of costs.

The application for rehearing is Denied.

Charles A. Stanziale, Newark, N. J., for appellant.

Stanley E. Rutkowski, Asst. U. S. Atty., Trenton, N. J. (Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Stuart B. Rounds, Asst. U. S. Atty., Trenton, N. J., on the brief), for appellee.

Before GOODRICH and HASTIE, Circuit Judges and BURNS, District Judge.

5. Wheat v. Wheat, 190 Ala. 461, 67 So. 417.