188 F.3d 83 (2nd Cir. 1999)
 PAMELA CARVEL, Petitioner-Appellant,
v.
THE THOMAS AND AGNES CARVEL FOUNDATION, As remainderman under the Last Will and Testament of Thomas Carvel, deceased, for a restraint on the transfer of certain funds, Respondent-Appellee.
 Docket Nos. 99-7203(L), 99-7205(CON)
August Term 1998
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued June 1, 1999
Decided Aug. 13, 1999
 
 Motion to dismiss appeals from an order of the United States District Court for the Southern District of New York (Brieant, District Judge) remanding cases to state court.
 Granted in part, denied in part.
 MICHAEL H. SMITH, Esq., Spitzer & Feldman P.C. (Ronald J. Offenkrantz, on the brief), New York, N.Y., for Petitioner-Appellant.
 DAVID R. JEWELL, Esq., Orrick, Herrington & Sutcliffe LLP (David Sack, on the brief), New York, N.Y., for Respondent-Appellee.
 Before: MESKILL and WALKER, Circuit Judges, and TRAGER,*. District Judge.
 JOHN M.WALKER,JR., Circuit Judge:
 
 
 1
 This case is before us on the Thomas and Agnes Carvel Foundation's motion to dismiss two appeals. The appeals were taken from judgments of the United States District Court for the Southern District of New York (Charles L. Brieant, District Judge) dismissing two federal actions and remanding the cases to the Westchester County Surrogate's Court. For the reasons that follow, we grant the motion to dismiss the appeal bearing docket number 99-7203, and deny the motion to dismiss the appeal bearing docket number 99-7205.
 
 BACKGROUND
 
 2
 The Thomas and Agnes Carvel Foundation (the "Foundation") is the remainderman under the last will and testament of Thomas Carvel, the ice cream magnate, who died without issue on October 21, 1990. Prior to his death, Thomas and his wife Agnes executed "Mirror Image Wills" in which the Foundation was named as the beneficiary of their entire residuary estate. They simultaneously executed a "Reciprocal Agreement" to refrain from either changing their wills or making certain gratuitous transfers.
 
 
 3
 Agnes Carvel died in August of 1998, and the Foundation brought two petitions in Westchester County Surrogate's Court to preserve assets within that court's jurisdiction. The first is the "Funds Petition," which corresponds to appeal number 99-7203. That action sought in principal part to enjoin the transfer of assets from Thomas Carvel's estate and the Thomas Carvel Charitable Remainder Unitrust ("Unitrust") to anyone other than the Foundation. The Foundation named Agnes's estate, the living executors of Thomas's estate, including Pamela Carvel (a suspended executrix), and the trustees of Unitrust as respondents to the Funds Petition.
 
 
 4
 The second action initiated by the Foundation was the "Real Property Petition," corresponding to appeal number 99-7205. This action was to restrain the encumbrance or transfer of certain real property, and sought a judgment declaring the validity and enforceability of the Reciprocal Agreement. The Foundation named Pamela Carvel and Agnes's estate as respondents to the Real Property Petition. The Surrogate's Court entered an order to show cause and issued a temporary restraining order in response to both petitions.
 
 
 5
 In September of 1998, the respondents to the two petitions filed a notice of removal, and both petitions were removed to federal district court in the Southern District of New York. The Foundation moved to remand the cases to Surrogate's Court in October of 1998 for lack of subject matter jurisdiction.
 
 
 6
 The district court granted the motions to remand and dismissed the cases. See In re Thomas & Agnes Carvel Found., 36 F. Supp. 2d 144 (S.D.N.Y. 1999) (hereinafter In re Carvel). The district court held that there was not complete diversity pursuant to 28 U.S.C. § 1332 with respect to the Funds Petition. Seeid. at 148. With respect to the Real Property petition, except for one claim for a declaratory judgment, the district court found that it lacked jurisdiction over the remaining claims under the doctrine of Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456 (1939). See 36 F. Supp. 2d at 149-51. The district court then exercised its discretion to abstain from hearing the declaratory judgment claim and remanded the claim to state court. See id. at 152-54.
 
 
 7
 After an unsuccessful motion for reconsideration, the respondents to the petitions filed notices of appeal from the district court's judgments. These motions followed.
 
 DISCUSSION
 
 8
 The Foundation moves to dismiss for lack of appellate jurisdiction the Funds Petition appeal in its entirety, and moves to dismiss the Real Property Petition appeal save the appeal of the remand of the declaratory judgment claim. The basis for both motions is 28 U.S.C. § 1447(d), which limits appellate review of a district court's decision to remand a case for lack of subject matter jurisdiction. That provision reads as follows: An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443[1] of this title shall be reviewable by appeal or otherwise.
 
 
 9
 Id.
 
 
 10
 The Supreme Court has held that the § 1447(d) limitation on appellate jurisdiction applies only to remands made pursuant to §1447(c), i.e., to remands for "lack of subject matter jurisdiction or defects in removal procedure." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996). There is no assertion of a procedural defect in the removal of these petitions. As a result, those parts of the district court's remand orders that are based upon lack of subject matter jurisdiction are not reviewable on appeal, but any part of the remand orders based on other grounds, such as abstention doctrines, are subject to appellate review. See Minot v. Eckardt-Minot, 13 F.3d 590, 592 (2d Cir. 1994).
 
 
 11
 The district court plainly remanded the Funds Petition for lack of subject matter jurisdiction due to incomplete diversity. SeeIn re Carvel, 36 F. Supp. 2d at 148 ("the Funds Petition . . . lacks complete diversity and must be remanded"); 28 U.S.C. §1332. Accordingly, § 1447(d) prohibits appellate review, and we grant the Foundation's motion to dismiss the appeal of the remand of the Funds Petition, docket number 99-7203.
 
 
 12
 The fate of the Real Property Petition appeal, docket number 99-7205, is not as easily determined. Both parties agree that an appeal may be taken from the district court's remand of the declaratory judgment claim, because the district court dismissed this claim on abstention grounds. See In re Carvel, 36 F. Supp. 2d at 153 ("The Court thus concludes that it is appropriate to exercise its broad discretion to abstain from hearing these declaratory judgment claims.").
 
 
 13
 As to the remainder of the Real Property Petition, involving claims for a permanent restraint on transfer and an award of title to the properties, the district court acknowledged that there was complete diversity (and therefore, subject matter jurisdiction) among the parties. Seeid. at 148. The district court remanded those claims in reliance upon Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456 (1939). In so doing, the district court explicitly stated that it lacked jurisdiction over these claims. See 36 F. Supp. 2d at 151. The question presented on this motion is whether Princess Lida states a rule of subject matter jurisdiction or rather a prudential doctrine of abstention. If the former, § 1447(d) precludes appellate review; if the latter, the appeal may lie.
 
 
 14
 In Princess Lida, the Supreme Court examined "the question whether the exercise of jurisdiction by a state court over the administration of a trust deprives a federal court of jurisdiction of a later suit involving the same subject matter." 305 U.S. at 457. It was a question of critical importance in that case, as the state and federal courts had each enjoined the parties from proceeding in the other forum with regard to the trust at issue. See id. at 461.
 
 
 15
 The Supreme Court determined that the state court acquired jurisdiction over the trust's management on July 7, 1930, before the federal court action commenced, see id. at 467, and that there was some overlap between the parties in the two proceedings, see id. at 465. This, however, did not conclude the inquiry, because "it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained." Id. at 466.
 
 
 16
 The Supreme Court held that when a suit was "in rem, or quasi in rem, . . . the jurisdiction of the one court must yield to that of the other." Id. The Court stated that this doctrine applies in any suit "where, to give effect to its jurisdiction, the court must control the property," and that it is "necessary to the harmonious co"peration of federal and state tribunals." Id. The Court limited the doctrine by instructing that "it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court." Id. As the proceeding in Princess Lida was quasi in rem, the Supreme Court concluded that the federal district court had no jurisdiction over the action. See id. at 467-68.
 
 
 17
 The Supreme Court spoke of jurisdiction in Princess Lida, but never of subject matter jurisdiction; it was exploring the difference between in personam and in rem proceedings. Moreover, by invoking the importance of "harmonious cooperation" between the federal and state courts, the Court indicated that the doctrine it was expounding was a rule of comity or abstention, rather than one of subject matter jurisdiction. Accordingly, we hold that the rule of Princess Lida is an abstention-related doctrine, and that a remand pursuant to that doctrine may be reviewed on appeal. Our court's previous treatment of Princess Lida confirms this conclusion. See FDIC v. Four Star Holding Co., 178 F.3d 97, 102 (2d Cir. 1999) (discussing Princess Lida in abstention context); Chesley v. Union Carbide Corp., 927 F.2d 60, 66 (2d Cir. 1991) (describing purpose of rule as maintenance of comity); Levy v. Lewis, 635 F.2d 960, 966 (2d Cir. 1980) (stating that the Princess Lida principle "is more accurately described as a prudential doctrine" rather than as a jurisdictional one); Clarkson Co. v. Shaheen, 544 F.2d 624, 629 (2d Cir. 1976) (discussing "specialized doctrine" of Princess Lida in context of abstention); Grace v. Grace, 394 F.2d 127, 129 (2d Cir. 1968) (citing Princess Lida for proposition that federal courts will "decline" to exercise jurisdiction when a state court has already assumed jurisdiction over a res); Lankenau v. Coggeshall & Hicks, 350 F.2d 61, 64 (2d Cir. 1965) (describing purpose of rule as effectuating the "implications of federalism").
 
 
 18
 All this is not to say that the Princess Lida doctrine may be lightly disregarded. Although it is a principle of comity, in the nature of an abstention doctrine, the Princess Lida rule is no less binding on federal courts. However, as it is not strictly speaking a rule of subject matter jurisdiction, 28 U.S.C. § 1447(d), as it has been construed in Quackenbush, does not prohibit appellate review of a remand order made pursuant to the rule of Princess Lida.
 
 CONCLUSION
 
 19
 For the foregoing reasons, the Foundation's motion to dismiss appeal number 99-7203 is granted, and its motion to dismiss appeal number 99-7205 is denied. The Clerk is directed to issue a scheduling order for the appeal in docket number 99-7205.
 
 
 
 NOTES:
 
 
 *
 The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.
 
 
 [1]
 28 U.S.C. § 1443 refers to the removal of civil rights cases and does not apply to this case.