**Gloria BARR, Plaintiff,**

v.

**Linda M. HAGAN, et al., Defendants.**

**Civil Action No. 2:04cv356–T.**

United States District Court,
M.D. Alabama,
Northern Division.

May 21, 2004.

Joseph C. Espy, III, Suzanne D. Edwards, Melton Espy & Williams, PC, Montgomery, AL, for Plaintiff.

Edward Bailey McDonough, Jr., Henry Herbert Cobb, IV, Edward B. McDonough, Jr., P.C., Mobile, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

This cause, which was removed from state to federal court on the basis of diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332 and 1441, is now before the court on plaintiff Gloria Barr's motion to remand the entire case and motion to dismiss the defendants' counterclaim. For the reasons that follow, both motions will be denied.

### I. BACKGROUND

John R. Barr died on June 19, 1968. His will was admitted to probate in Barbour County, Alabama on June 28, 1968. Under the terms of the will, three pieces of his property were to be held in trust for his wife, Nell E. Barr, until her death; the property was then to devise to his two brothers.

Nell Barr died in 2000 or 2002,[1] and John Barr's two brothers have both since died. Thus, under Alabama law, the property devised to plaintiff Gloria Barr and to defendants Linda M. Hagan, Vickie Pin-

---

1. The filings are inconsistent on this point.

ney, Jeffrey R. Barr, Kimberly B. Holt, and E. Janette Barr, who are the heirs of John Barr's brothers.[2]

On March 15, 2004, the plaintiff filed a petition for division in the Circuit Court of Barbour County, Alabama, pursuant to 1975 Ala.Code § 35–6–20, which allows a court to "divide or partition, or sell for partition," any property held by "joint owners or tenants in common." The defendants removed the case to federal court on the basis of diversity jurisdiction. The defendants have also filed a counterclaim in this court, alleging that the plaintiff has profited from the property at issue, and demanding an accounting of those profits; and seeking an equitable distribution of the properties, or, if an equitable distribution is not possible, seeking a private sale.

## II. DISCUSSION

### A. Motion to remand

A defendant can remove a state-law case from state court to federal court only if the amount in controversy exceeds $ 75,000 and there exists complete diversity of citizenship between all the plaintiffs and all the defendants. 28 U.S.C.A. § 1332(a). Here, the parties do not dispute that the amount in controversy exceeds $ 75,000 and that complete diversity exists between the parties.

The plaintiff argues nonetheless that this case should be remanded. She argues that this court lacks jurisdiction over the property at issue in the case, and, in the alternative, that this court does not have jurisdiction because of the "probate exception" to federal jurisdiction.

■ In support of her argument that this court lacks jurisdiction over the property at issue in this case, the plaintiff cites

the case *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). *Princess Lida* stands for the rule that when two different *in rem* or *quasi in rem* cases are brought concerning the same property in different courts, the second court must yield jurisdiction to the first court that obtained jurisdiction over the property. 305 U.S. at 466, 59 S.Ct. at 280. The *Princess Lida* rule has also been described as an abstention doctrine. *Carvel v. Thomas and Agnes Carvel Foundation*, 188 F.3d 83, 86 (2d Cir.1999). The rule is "necessary to the harmonious cooperation of the federal and state tribunals." *Princess Lida*, 305 U.S. at 466, 59 S.Ct. at 280–81.

However, here there are not two different cases pending about the same property; there is only one case, the one currently before the court. *Princess Lida* is inapplicable "where only a single case is pending and the removal statutes are used to transfer the case from state to federal court." *American Lung Assoc. of New Hampshire v. American Lung Assoc.*, 2002 WL 1728255, *3 (D.N.H.2002). This is because the removal of a case from state to federal court terminates the state court's jurisdiction, unless and until the case is remanded back to state court. *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1255 n. 11 (11th Cir.1988). Thus, there is no jurisdictional conflict between the state and federal courts, and the *Princess Lida* rule does not apply.

■ The plaintiff's argument that this court lacks jurisdiction because of the "probate exception" to federal court jurisdiction is also unavailing. Under the "probate exception," a federal court does not have jurisdiction to probate a will or administer an estate, even if it would oth-

---

**2.** Although the plaintiff states that the defendants own a combined 50 % of the property at issue in this case, the defendants contend that defendants Jeffrey Barr and Kimberly Holt, who are the children of defendant E. Janette Barr, do not have title to the property that is the subject of this suit and are not proper defendants.

erwise have diversity jurisdiction over the case. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). However, federal courts do have jurisdiction "to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.; see also Michigan Tech Fund v. Century Nat'l Bank of Broward,* 680 F.2d 736, 739 (11th Cir.1982) (federal court had jurisdiction over case seeking interpretation of a will, declaratory judgment that testator and widow breached agreements to execute a will benefitting beneficiary, and reformation of mortgage held by testator and widow as tenants in common).

■ The "probate exception" is inapplicable here because the adjudication of the plaintiff's partition action will not interfere with any state probate proceedings. Indeed, the partition action is only tenuously related to a will or probate proceeding. The parties in this case inherited the property at issue from the estate of John Barr through the operation of his will, which was admitted to probate in 1968. According the contentions of both parties, the parties own the property in question outright. If this is the case, then their dispute over whether or how it should be partitioned does not concern the will or the probate of the will, nor does it interfere with property in the custody of the state court.

Further, the Court of Appeals for the Tenth Circuit has stated that the standard for determining whether the probate exception applies is whether the dispute would be cognizable only by a probate court under state law. *Rienhardt v. Kelly,* 164 F.3d 1296, 1299 (10th Cir.1999). Applying that test, the probate exception does not apply here. While Alabama law does allow probate courts to partition property, 1975 Ala.Code §§ 35–6–40 through 35–6–66, the plaintiff did not bring this case in probate court, but rather in state circuit court under 1975 Ala.Code § 35–6–20, which grants circuit courts jurisdiction to partition or sell property held by joint owners or tenants in common.

Although it appears that federal courts do not often hear suits to partition property, they have done so in some instances. *See, e.g., McClendon v. Straub,* 193 F.2d 596, 598 (5th Cir.1952) (federal court had diversity jurisdiction over action to have property sold and the proceeds divided among the joint owners or tenants in common);[3] *Fischer v. Wurts,* 1997 WL 407987 (E.D.Penn.1997) (partitioning house owned by plaintiff and defendant as tenants in common).

### B. Motion to dismiss counterclaim

■ The plaintiff has also filed a motion to dismiss the defendants' counterclaim or, in the alternative, to remand it to state court along with the original complaint. She argues that, because this court does not have jurisdiction over the claims brought in her complaint, the court also lacks jurisdiction over the counterclaim,

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

The plaintiff cites *McClendon,* stating that in it the court remanded the case because an

administrator had been appointed by the state probate court. Her characterization of this case is misleading, however; the Fifth Circuit in *McClendon* did not remand the case to state court because of the probate exception, but rather remanded the case to the federal district court for further proceedings.

and also that the counterclaim cannot be considered in determining whether jurisdiction exists.

As discussed above, this court rejects the plaintiff's argument that it lacks jurisdiction over this case. Further, the court determined that it has jurisdiction over the original complaint without reference to the counterclaim. Thus, it is not necessary to address the argument that the counterclaim should not be considered in determining whether jurisdiction exists.

However, because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir.2003). Thus, the court will inquire further into whether it has jurisdiction over the defendants' counterclaim.

Under Federal Rule of Civil Procedure 13, counterclaims are categorized as either compulsory or permissive. A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). A claim arises out of the same transaction or occurrence if there is a "logical relationship" between the claims. *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 (11th Cir.1998) (citing *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir.1985)). Any counterclaim that is not compulsory is permissive.

Until recently it was clear that a federal court had ancillary jurisdiction over compulsory counterclaims, but did not have ancillary jurisdiction over permissive counterclaims; thus, a permissive counterclaim had to have an independent federal jurisdictional basis before a federal court could hear it. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504 n. 1, 41 L.Ed.2d 243 (1974); *East–Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Com'n*, 888 F.2d 1576, 1578 (11th Cir.1989). However, in 1990, Congress adopted 28 U.S.C.A. § 1367, which codified the judicially crafted doctrines of ancillary and pendent jurisdiction under the title of "supplemental jurisdiction." Under § 1367, a federal court that has original jurisdiction over an action also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." At least two circuit courts have held that § 1367 does away with the blanket rule that permissive counterclaims must have an independent jurisdictional basis; these courts have held that federal courts must now refer to the language of § 1367 to determine whether a counterclaim forms "part of the same case or controversy" as the original claim. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir.2004); *Channell v. Citicorp National Servs., Inc.*, 89 F.3d 379, 385 (7th Cir.1996). The Eleventh Circuit has not yet addressed this issue.

In this case it is not necessary to consider whether to adopt the reasoning of the *Jones* and *Channell* courts because it is not necessary to determine whether the defendants' counterclaim falls within this court's supplemental jurisdiction. Even if it does not, the counterclaim falls within the court's diversity jurisdiction.[4] The

---

4. The court notes that it is possible that the defendants' counterclaim could fall within the probate exception to federal jurisdiction. The counterclaim alleges that the plaintiff has failed to account for profits earned off the property in question not just to the defendants, but also to the trust which oversaw the property during Nell Barr's lifetime. However, the court does not have enough information about the posture of the state probate

parties to the counterclaim are the same as the parties to the original claim, and, as noted above, complete diversity exists among them. The defendants have asserted that the amount in controversy in their counterclaim is $ 94,821, which exceeds the jurisdictional requirement of $ 75,000.

For the foregoing reasons, it is OR-DERED that plaintiff Gloria Barr's motion to remand, filed May 4, 2004 (Doc. no. 7), and her motion to dismiss, filed May 4, 2004 (Doc. no. 6), are both denied.

proceedings to determine whether adjudicating this issue would interfere with the probate proceedings. If it appears that, in fact, the adjudication of the counterclaim would inter-fere with any ongoing state probate proceedings, the plaintiff may wish to make this argument in another motion to dismiss.