**RECAP INVESTMENTS XI–FUND A, L.P., et al., Plaintiffs,**

v.

**McCULLOUGH HARRIS, LLC, Defendant.**

**No. 10 CIV. 8612(VM).**

United States District Court, S.D. New York.

Dec. 23, 2010.

Andrew J. Melnick, Jonathan Lee Hochman, Matthew Alan Katz, Schindler Cohen & Hochman, New York, NY, for Plaintiffs.

David Mark Siegal, Haynes and Boone, LLP, New York, NY, Stanford R. Solomon, The Solomon Law Group, P.A., Tampa, FL, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By Motion dated November 30, 2010 (the "Motion"), defendant McCullough Harris, LLC ("McCullough Harris") requested that the Court either dismiss the Amended Complaint filed by plaintiffs RECAP Investments XI–Fund A, L.P. ("RECAP Fund A"), RECAP Investments XI–Fund B, L.P. (together, with RECAP

Fund A, the "Funds"), and Carlisle GP, Inc. (collectively, the "Plaintiffs") on November 15, 2010, or stay this case pending adjudication on the merits of a suit filed in North Carolina addressing the same dispute (the "North Carolina Action"). The dispute centers on which member of the Carlisle Apartments, L.P. Partnership (the "Partnership"), either (i) McCullough Harris or (ii) the Funds, may now take control of and manage the Carlisle apartment complex (the "Apartment Complex") under the Partnership's Limited Partnership Agreement dated January 2, 2008 (the "LPA"). For the reasons stated below, the Motion is DENIED.

McCullough Harris argues that the Court should dismiss this case or abstain pending adjudication of the North Carolina Action on the merits because the North Carolina courts [1] have quasi in rem jurisdiction over the Apartment Complex that is the subject of this dispute. The basis for quasi in rem jurisdiction, according to McCullough Harris, is that the Apartment Complex and relevant Partnership operations are located in North Carolina, and that the North Carolina Action was filed prior to the filing of the instant suit.

■ The Court is not persuaded by McCullough Harris's assertion that the jurisdiction of the North Carolina courts is appropriate here. The Amended Complaint in the North Carolina action that McCullough Harris filed on November 19, 2010 states that "[d]efendants have acceded to this Court's jurisdiction," but gives no further support for the basis of North Carolina's jurisdiction and does not reference quasi in rem jurisdiction. Additional-

ly, the parties' LPA contains a forum selection clause which states that "[e]ach party submits to the exclusive jurisdiction of the state and federal courts located in New York City ... for any action or proceeding arising out of or relating to this Agreement and expressly waives any objection it may have to such exclusive jurisdiction or the convenience of such forum." The parties do not dispute that this litigation arises out of or relates to the LPA. Thus, the Court finds that pursuant to the parties' own agreement, this Court has personal jurisdiction over the parties in this suit.

■ Quasi in rem jurisdiction applies when "in order to give effect to its jurisdiction, the court must control the property." *Carvel v. The Thomas and Agnes Carvel Found.*, 188 F.3d 83, 86 (2d Cir.1999) (*citing Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939)).

> [T]he principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.

*Princess Lida*, 305 U.S. at 466, 59 S.Ct. 275.

---

1. McCullough Harris filed the North Carolina Action in North Carolina Superior Court for Mecklenberg County. Subsequently, Plaintiffs, who are the defendants in the North Carolina Action, removed that case to the Western District of North Carolina. McCullough Harris requested that the case be re-

manded to the North Carolina Superior Court. Because of the ambiguity as to whether the North Carolina Action will proceed in state or federal court, this Decision and Order uses the generic term "North Carolina courts" to refer to both outcomes.

■ The instant action entails a contract dispute over the application of the LPA's forum selection clause and over which member of the Partnership may exercise control over the Apartment Complex as General Partner. Resolution of these issues does not require that the Court exercise any control over the Apartment Complex in any way at any point. Thus, the Court is not persuaded by McCullough Harris's assertion that the North Carolina courts have quasi in rem jurisdiction over the Apartment Complex. Rather, the Court finds that this Court has personal jurisdiction over the parties pursuant to the LPA.

■■ McCullough Harris asserts that the Court should apply abstention doctrine as articulated in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Colorado River* established six factors which courts should consider in determining whether to abstain from exercising jurisdiction, which are: (1) in rem or quasi in rem jurisdiction over the property in question, (2) inconvenience of the forum, (3) avoidance of piecemeal litigation, (4) order in which the actions were filed, (5) which law that provides the rule of decision, and (6) protection of the federal plaintiff's rights. *See id.* Because the Court has found that the North Carolina Action does not involve exercise of quasi in rem jurisdiction, the first factor is not met. Upon review of the other five factors, the Court is not persuaded that any of them compels abstention in this case, and thus the abstention doctrine does not apply. By agreeing to the exclusive jurisdiction of New York courts, the parties necessarily acknowledge that New York is not an inconvenient forum. Moreover, for the purposes of adjudicating a contract dispute that does not turn on the location of the property, New York is just as convenient as North Carolina. Avoidance of piecemeal litigation and the order in which the cases were filed become factors only if the North Carolina Action was properly brought. But, if the Court gives effect to the unequivocal language of the forum selection clause, which provides for exclusive jurisdiction of this dispute in New York, any weight of these factors in McCullough Harris's favor diminishes and protection of the federal plaintiffs' rights takes on greater significance.

### *ORDER*

Accordingly, for the reasons stated above, it is

**ORDERED** that the motion (Docket No. 13) to dismiss this action filed by defendant McCullough Harris, LLC is DENIED.

**SO ORDERED.**