21-3096; 22-1041
In re: Estate of Sally Grossman; Hoffman v. American Institute of Indian Studies

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-four.

PRESENT:
        JOSÉ A. CABRANES
        ROBERT D. SACK
        MYRNA PÉREZ,
            *Circuit Judges.*

_____

In re: Estate of Sally Grossman


American Institute of Indian Studies, a nongovernmental organization,

        *Petitioner-Appellee,*

State of New York Office of the Attorney General,

        *Intervenor-Appellee,*

        v.                      No. 21-3096

Peter M. Hoffman, as Trustee of Albert B. Grossman Marital Trust,

        *Respondent-Appellant.*

1

Peter M. Hoffman, Trustee of the Albert B. Grossman Marital Trust,

*Plaintiff-Appellant*,

v.                                                                      No. 22-1041

American Institute of Indian Studies, a nongovernmental organization

*Defendant-Appellee*,

New York State Office of the Attorney General, Charities Bureau Office of NYS Attorney General The Capitol,

*Intervenor-Defendant-Appellee*.

---

**FOR RESPONDENT-APPELLANT:**          RAYMOND JAMES MARKOVICH, West Hollywood, CA

**FOR PETITIONER-APPELLEE:**          DANIEL WILLIAM COFFEY, Coffey Law PLLC, Albany, NY

**FOR INTERVENOR-APPELLEE:**          KATE H. NEPVEU, New York State Office of the Attorney General, Albany, NY

---

Consolidated appeal from a December 8, 2021 order and April 21, 2022 judgment of the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal in *In re: Estate of Sally Grossman*, No. 21-3096, is **DISMISSED** and

the judgment in *Hoffman v. American Institute of Indian Studies*, No. 22-1041, is **AFFIRMED IN PART** and **VACATED** and **REMANDED IN PART**.

This case is a consolidated appeal of two matters arising out of the estates of Sally Grossman, who resided in Woodstock, New York, and her late husband Albert Grossman, a music manager and entrepreneur who facilitated the growth of Woodstock's music scene. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

When Albert Grossman passed away in 1986, his will directed much of his estate into a testamentary trust for the benefit of Sally and granted Sally the power to appoint any or all of the trust to a tax-exempt non-profit of her choosing. Sally Grossman passed away in 2021, and her will directed that the remaining assets of the trust be donated to the American Institute of Indian Studies at the University of Chicago, thereby exercising the power of appointment granted to her. Sally Grossman's will was admitted into probate without objection on May 7, 2021 in Ulster County Surrogate's Court.

On September 20, 2021, the American Institute of Indian Studies filed an action in Ulster County Surrogate's Court seeking an order declaring the validity of Sally Grossman's exercise of appointment and directing Peter Hoffman, the sole surviving trustee of Albert Grossman's original testamentary trust, to preserve the trust assets. Shortly thereafter, Hoffman sued the American Institute of Indian Studies in federal court—specifically, the Northern District of New York—seeking declaratory relief. Hoffman then filed a notice of removal to the Northern District of New York in the Ulster County litigation filed by the American Institute of Indian Studies on the basis of diversity jurisdiction. We refer to the case that originated in Ulster County Surrogate's Court as *In re: Estate of Sally Grossman*, No. 21-3096, and to the case that

3

originated in the Northern District of New York as *Hoffman v. American Institute of Indian Studies*, No. 22-1041.

On December 8, 2021, the district court remanded *In re: Estate of Sally Grossman* to the Ulster County Surrogate's Court, determining that the district court lacked subject matter jurisdiction because of the probate exception to diversity jurisdiction. *In re: Estate of Sally Grossman*, No. 1:21-cv-01145, 2021 WL 5826292, at *1 (N.D.N.Y. Dec. 8, 2021). In the same order, the district court ordered supplemental briefing as to whether the court should refrain from exercising jurisdiction over *Hoffman v. American Institute of Indian Studies* pursuant to the abstention doctrine established in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Id.* at *6. On April 21, 2022, the district court dismissed *Hoffman v. American Institute of Indian Studies* without prejudice, finding that the *Colorado River* abstention doctrine applied. *Hoffman v. American Inst. of Indian Stud.*, No. 1:21-cv-01105, 2022 WL 1184583, at *2 (N.D.N.Y. Apr. 21, 2022). Hoffman now appeals the district court's December 8, 2021 remand order in *In re: Estate of Sally Grossman* and its April 21, 2022 judgment dismissing *Hoffman v. American Institute of Indian Studies*.

For the reasons set forth below, we conclude that the district court's order remanding *In re: Estate of Sally Grossman* to the Ulster County Surrogate's Court is not reviewable on appeal pursuant to 28 U.S.C. § 1447(d). Accordingly, we dismiss Hoffman's appeal from the district court's order of December 8, 2021. We also conclude that the district court erred in applying the *Colorado River* abstention doctrine in *Hoffman v. American Institute of Indian Studies* rather than the more discretionary abstention standard established in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and vacate and remand those portions of the district court's April 21, 2022 judgment. Finally, we affirm the district court's judgment of April 21, 2022 to the extent the

4

court allowed the New York Attorney General to intervene as of right into this matter.

I. **The December 8, 2021 order remanding** *In re: Estate of Sally Grossman* **to the Ulster County Surrogate's Court**

First, we hold that the district court's order remanding *In re: Estate of Sally Grossman* to the Ulster County Surrogate's Court pursuant to the probate exception to diversity jurisdiction is not reviewable on appeal.

28 U.S.C. § 1447(d) establishes in relevant part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Supreme Court "has consistently held that § 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by §1447(d) to those that are based on a ground specified in § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009). Because 28 U.S.C. § 1447(c) refers specifically to remands necessitated by the district court's lack of subject matter jurisdiction, we have held that "parts of the district court's remand orders . . . based upon lack of subject matter jurisdiction are not reviewable on appeal, but any part of the remand orders based on other grounds, such as abstention doctrines, are subject to appellate review." *Carvel v. Thomas and Agnes Carvel Foundation*, 188 F.3d 83, 85 (2d Cir. 1999); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 225 (2007) ("[W]hen, as here, the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d).").

"The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lekfowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (*quoting Marshall v. Marshall*, 547 U.S. 293, 294 (2006)). The exception "reserves to state probate courts the probate or annulment of a will and the

5

administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 311. We have previously described the probate exception as a "jurisdictional exception" that is "too well established a feature of our federal system to be lightly discarded." *Moser v. Pollin*, 294 F.3d 335, 341 (2d Cir. 2002) (*quoting Ashton v. Josephine Bay & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1071 (2d Cir. 1990) (other citation omitted)).

Because the probate exception is a subject matter jurisdiction doctrine, 28 U.S.C. § 1447(d) bars us from reviewing the district court's remand order. We thus dismiss Hoffman's appeal from the district court's order of December 8, 2021 in *In re: Estate of Sally Grossman*.

II.     **The April 21, 2022 judgment dismissing *Hoffman v. American Institute of Indian Studies* pursuant to the *Colorado River* abstention doctrine**

Second, we hold that the district court erred in applying the *Colorado River* abstention doctrine in its decision to dismiss *Hoffman v. American Institute of Indian Studies* rather than the more discretionary *Wilton* abstention doctrine applicable to actions brought under the Declaratory Judgment Act.

Hoffman's suit in *Hoffman v. American Institute of Indian Studies* sought relief through the Declaratory Judgment Act, 28 U.S.C. § 2201. In *Wilton*, the Supreme Court held that "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions . . . than that permitted under the 'exceptional circumstances' test of *Colorado River*[]." *Wilton*, 515 U.S. at 286 (internal citations omitted); *see also Vill. of Westfield v. Welch's*, 170 F.3d 116, 124 n.5 (2d Cir. 1999) ("We note that the Supreme Court held in [*Wilton*], that a discretionary standard, and not the *Colorado River* exceptional circumstances standard, governs a district court's decision to stay a declaratory

6

judgment action on grounds of a parallel state court proceeding."). We thus vacate the portion of the district court's April 21, 2022 judgment in *Hoffman v. American Institute of Indian Studies* dismissing the action pursuant to the *Colorado River* abstention doctrine and remand for consideration of whether the district court should abstain pursuant to *Wilton*.

We are under no impression that the district court is likely to reach a different conclusion on remand—indeed, *Wilton* vests district courts with considerably more discretion to abstain from jurisdiction than does *Colorado River*. However, we have previously affirmed that "*Wilton* did not sanction dismissal of a declaratory judgment action on abstention grounds; instead, the [Supreme] Court noted that 'where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy.'" *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (*quoting Wilton*, 515 U.S. at 288 n.2). Thus, if the district court determines on remand that *Wilton* abstention is proper, the district court in its discretion should also determine whether this is the sort of case where *Wilton* suggests a stay rather than a dismissal.

### III.   The attorney general's intervention

As a final matter, Hoffman seeks review of the district court's April 21, 2022 judgment in *Hoffman v. American Institute of Indian Studies* granting the New York Attorney General intervention as of right.[1] We review a district court decision granting or denying intervention as of right for abuse of discretion. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2021). Intervention as of right "is granted when all four of the following conditions are met: (1) the

---

[1] The district court did so in an order accompanying the judgment, *see Hoffman v. American Inst. of Indian Stud.*, No. 1:21-cv-01105, 2022 WL 1184583, at *2 (N.D.N.Y. Apr. 21, 2022), which merged with the final judgment for purposes of appeal. *See* Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order.").

7

motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (internal citation omitted).

No party disputes that the New York Attorney General satisfied the first factor by filing a timely motion.

On the other three factors, we cannot say that the district court abused its discretion in allowing the Attorney General to intervene. New York state law requires that where property has been left in a will or trust "for religious, charitable, educational, or benevolent purposes," the Attorney General "shall represent the beneficiaries of such dispositions" and "enforce the rights of such beneficiaries by appropriate proceedings in the courts." N.Y. Est. Powers & Trusts Law § 8-1.1(f). The American Institute of Indian Studies cannot necessarily fulfill this general statutory duty to protect bequests to charities for the Attorney General, so we cannot say that the district court's findings on the other three factors were clearly erroneous. Accordingly, we affirm this portion of the district court's order in *Hoffman v. American Institute of Indian Studies*.

\* \* \*

We have considered Hoffman's remaining arguments and find them to be without merit. For the foregoing reasons, we hold as follows:

1. The appeal of the district court's December 8, 2021 remand order in *In re: Estate of Sally Grossman*, No. 21-3096, is **DISMISSED**.

8

2. The district court erred in applying the *Colorado River* abstention doctrine in its April 21, 2022 judgment dismissing *Hoffman v. American Institute of Indian Studies*, No. 22-1041.  Instead, the district court should have considered whether to apply the abstention doctrine articulated in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), which applies to actions brought under the Declaratory Judgment Act.  The district court did not abuse its discretion, however, in permitting the New York Attorney General to intervene.  Accordingly, the district court's April 21, 2022 judgment of dismissal is **AFFIRMED IN PART** to the extent the district court permitted the Attorney General to intervene and is otherwise **VACATED** and **REMANDED IN PART** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court